Frank GOMEZ, Appellant,

v.

UNITED STATES of America, Appellee.

No. 22033.

United States Court of Appeals
Ninth Circuit.

June 13, 1968.

Frank Gomez, in pro per., for appellant.

William M. Byrne, Jr., U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLEY, and CARTER, Circuit Judges, and SMITH,* District Judge.

HAMLEY, Circuit Judge:

Frank R. Gomez, in federal custody under a judgment of conviction and sentence for violation of the narcotic laws, applied to the district court, pursuant to 28 U.S.C. § 2255 (1964), to vacate the judgment of conviction and the plea of guilty, and afford him a new opportunity to plead to the indictment. The district court denied the application without granting Gomez a hearing and he took this appeal.

On March 25, 1959, Gomez was charged, in counts 2 and 3 of a three-count indictment, with the sale of narcotics in violation of 68A Stat. 551 (1954), 26 U.S.C. § 4705(a) (1958). On April 6, 1959, represented by retained counsel, Gomez pleaded not guilty to these counts. On April 27, 1959, again represented by retained counsel, Gomez changed his plea on count 3 to guilty. On May 15, 1959, he was sentenced to imprisonment for twenty years, a showing having been made that Gomez had been convicted in 1949, on a plea of guilty, to a previ-

---

* The Honorable Russell E. Smith, United States District Judge for the District of Montana, sitting by designation.

ous narcotics law violation. Count 2 of the 1959 indictment was thereupon dismissed.

Early in 1961, Gomez filed in the district court an application for relief under section 2255, together with a motion to proceed in forma pauperis and a motion for appointment of counsel. In his application Gomez alleged that he had entered a plea of guilty under the impression that he "would get the minimum sentence." He also alleged that he had been denied "adequate assistance of counsel." After examining the records and files in the criminal proceeding, including the file of the probation department, the district court concluded that the allegations of inadequate representation by counsel and involuntary change of plea from not guilty to guilty were without foundation in fact.

On this ground, the district court, without granting Gomez a hearing, entered an order on February 6, 1961, denying that section 2255 application. In the same order, the court denied the motions to proceed in forma pauperis and for appointment of counsel. Gomez initially sought, but did not perfect, an appeal to this court.

In early April, 1967, Gomez tendered for filing in the district court the section 2255 application now before us, together with his motion to proceed in forma pauperis. On April 12, 1967, the district court entered an order granting the motion to proceed in forma pauperis and on that day the application was filed.

In this application Gomez advanced two grounds for relief: (1) his plea of guilty was not voluntary because he did not understand the nature of the charge and also because he was then under the erroneous belief that he could not be imprisoned for more than a period of ten years; and (2) at the time of accepting Gomez' plea of guilty, the district court did not comply with the requirement of Rule 11, Federal Rules of Criminal Procedure, as that rule stood in 1959, that the court not accept a plea of guilty without first determining that the

plea is made voluntarily with understanding of the nature of the charge.

In support of the latter ground for relief, Gomez cited, in his application, Munich v. United States, 9 Cir., 337 F.2d 356; Heiden v. United States, 9 Cir., 353 F.2d 53, and other court decisions. He also attached to his application, as an exhibit, what purports to be a complete and official, but uncertified, copy of the reporter's transcript of the proceedings wherein Gomez changed his plea on count 3 from not guilty to guilty. According to this transcript the only inquiry the court directed to Gomez was whether it was the latter's desire to change his plea. Gomez answered that it was. The transcript does not show that any Rule 11 inquiry was made of Gomez or his counsel as to whether the plea of guilty was made voluntarily with understanding of the nature of the charge.

Two weeks after this section 2255 application was filed, the district court, without granting Gomez a hearing, entered an order denying the application. In its order denying relief the court indicated that the first ground for relief urged by Gomez—that his plea of guilty was not voluntary—was being rejected because the court's order of February 6, 1961, denying Gomez' 1961 application, is res judicata. The district court indicated that Gomez' second ground for relief— failure to comply with Rule 11—was being rejected for the following reasons:

"Frank Gomez was at all times represented by counsel of his own selection. If a duty rests upon anyone to advise a defendant of range of punishment if a guilty plea is entered, that duty is (with rare exceptions not pertinent in Frank Gomez' criminal prosecution) upon defendant's counsel; hence this new 'ground' mentioned in the current pleading is without merit."

This appeal followed.

Neither of the grounds relied upon by the district court warranted denial of Gomez' application without a hearing.

■■ Res judicata has no application in section 2255 proceedings. In such pro-

ceedings the district court is under no compulsion to decline to entertain a successive application. The court, however, is permitted to decline to entertain a successive application, providing: (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148.

■ The first and third of these conditions were not met in this case. Gomez' ground for relief concerning which the district court invoked res judicata was that the plea of guilty was not voluntary for two reasons, namely (1) he did not understand the nature of the charge, and (2) he was under the erroneous belief that he could not be imprisoned for more than a period of ten years. The second of these reasons was urged in the 1961 section 2255 application, but not the first. It follows that Gomez' ground for relief predicated upon an asserted involuntary plea was not the same as asserted by him in the second section 2255 application.

■ Nor did the district court make any determination that the ends of justice would not be served by reaching the merits of the voluntariness issue. It is in fact apparent that the ends of justice required the court to reach the merits on that issue. Factual issues were involved as to which there had been no evidentiary hearing in 1961. See Sanders v. United States, 373 U.S. 1, at 16–17, 83 S.Ct. 1068, 10 L.Ed.2d 148.

We therefore hold that the district court should not have rejected Gomez' voluntariness contention without granting him a hearing.

■ This brings us to Gomez' allegation that the district court did not comply with Rule 11 in accepting his plea of guilty. As indicated above, in considering this section 2255 application, the court held, in effect, that if a defendant is represented by retained counsel, the court may assume that the plea is made voluntarily with understanding of the nature of the charge, without even inquiring of counsel whether this was the fact.[1]

■ Munich v. United States, 9 Cir., 337 F.2d 356, 360, holds directly to the contrary. There must appear in the record a substantial basis in fact for such a determination. The circumstance that a defendant is represented by retained counsel at the time a plea of guilty is accepted provides no such substantial basis in fact.

■ Moreover, even if the presence of retained counsel would have warranted the district court in determining, without inquiry of anyone, that the guilty plea was voluntarily and knowingly given, it was certainly open to Gomez to challenge that determination in a section 2255 proceeding, thereby entitling him to a hearing on the factual issue so raised.

■ We accordingly conclude that Gomez' allegation that the district court failed to comply with Rule 11, and that any purported determination thereunder was erroneous, entitled Gomez to an evidentiary hearing.

■ Gomez asks us to go further and, following Heiden v. United States, 9 Cir., 353 F.2d 53, direct that the judgment of conviction, the sentence, and the plea of guilty be vacated, and that he be afforded a new opportunity to plead to the indictment. However, *Heiden* was decided on November 2, 1965, and this court has recently held that the rule there announced is not to be applied retrospectively to other cases in which the plea of guilty was received prior to that date. Castro v. United States, 9 Cir., 396 F.2d 345, decided May 28, 1968.

The order denying section 2255 relief is reversed and the cause is remanded to

---

1. As amended, effective July 1, 1966, Rule 11 requires that in determining whether the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea, the court must address the defendant personally.

the district court for further proceedings consistent with this opinion.

Consistent with our caveat in *Castro,* supra, in the event this hearing results in an order setting aside the conviction, sentence and plea of guilty, thereby affording Gomez a new opportunity to plead to count 3 of the indictment, the district court order dismissing, presumably upon motion of the Government and the tacit consent of Gomez, count 2 of the indictment may, upon the motion of the Government and in the discretion of the district court, be set aside so as to restore the criminal proceeding to the same status it had before the plea of guilty was received.