**Phillip Lee TANNEHILL, Petitioner-Appellant,**

v.

**Cletus J. FITZHARRIS, Superintendent, Respondent-Appellee.**

No. 71–1732.

United States Court of Appeals, Ninth Circuit.

Nov. 29, 1971.

---

Ruth M. Friedman, of Newman, Marsh & Furtado, Hayward, Cal., for petitioner-appellant.

Evelle J. Younger, Cal. Atty. Gen., Gloria F. DeHart, Mark A. Levin, Deputy Attys. Gen., San Francisco, Cal., for respondent-appellee.

Before WRIGHT, TRASK and CHOY, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Tannehill appeals from an order denying his petition for writ of habeas corpus. In his petition he alleged sixteen grounds for relief, several of which appear to raise genuine constitutional issues. Although one of his grounds has been the subject of a prior petition fifteen are new.

The district court denied the writ without a hearing. Because we believe that the consideration given Tannehill's petition was inadequate, we must remand.

The district court concluded that the ground previously raised was barred by the doctrine of *res judicata*. It has consistently been held, however, that this doctrine is not applicable to habeas corpus and 28 U.S.C. § 2255 proceedings.

A petition can be dismissed on the basis of a prior adjudication only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application. Sanders v. United States, 373 U.S. 1, 15, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

**1324**

If the district court dismisses a petition on the basis of a prior adjudication, it must make a specific finding that the ends of justice would not be served by reaching the merits. Gomez v. United States, 396 F.2d 323 (9th Cir. 1968).

It also appears that the district court did not have before it the transcripts of the relevant state proceedings. Rather it relied on state appellate court opinions. We have repeatedly held this procedure inadequate. Selz v. California, 423 F.2d 702 (9th Cir. 1970), and its many progeny.

Finally the district court found the petition an abuse of the writ. It appears that there was no return from the state authorities pleading abuse, which is an affirmative defense. *See Sanders, supra;* United States v. Lee, 446 F.2d 350 (9th Cir. 1971). Moreover, it appears that Tannehill was seeking collateral relief from the state courts, which was finally denied only a few months before he filed this petition. It may be that he believed in good faith, perhaps correctly, that his claims for federal relief would have been barred until that time by failure to exhaust state remedies. If so, he did not "deliberately" abuse the writ. *See Sanders, supra;* Wong Doo v. United States, 265 U.S. 239, 44 S.Ct. 524, 68 L.Ed. 999 (1924).

We thus remand with instructions for the district court to consider whether the interests of justice would be served by a consideration of the previously adjudicated ground and to call for a return by the state authorities. They will be permitted to plead abuse.

In the event that Tannehill sufficiently overcomes this plea, or it is not raised, the court will proceed to the merits. The district judge will then obtain the relevant state transcripts. In the event that it is necessary to find facts not already determined in an adequate state proceeding, the court will grant petitioner a hearing.

Remanded with instructions.