**James Allen WILLIAMS, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 71–2920.**

United States Court of Appeals, Ninth Circuit.

Aug. 24, 1972.

---

tency. A hearing was held. His motion was denied. The transcript of that hearing reveals that the issue was extensively and thoroughly considered and that the decision was supported by substantial evidence. Appellant makes no showing that the "ends of justice" [*Sanders*, supra, p. 15, 83 S.Ct. 1068] require further inquiry.

(2) The transcript of the proceeding on appellant's arraignment for plea affirmatively shows full compliance with Rule 11.

Judgment affirmed.

James Allen Williams, in pro. per.

Sidney I. Lezak, U. S. Atty., Michael L. Morehouse, Asst. U. S. Atty., Portland, Or., for respondent-appellee.

Before KOELSCH, ELY and TRASK, Circuit Judges.

PER CURIAM:

Appellant sought post conviction relief pursuant to 28 U.S.C. § 2255. He urged two grounds: (1) his mental incompetency at the time he pled guilty, and (2) the district court's failure to comply with Rule 11, F.R.Crim.P., which prohibits acceptance of such a plea "without (the court's) first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea."

The district court dismissed the petition without holding an evidentiary hearing.

(1) A sentencing court is generally not required to entertain a second motion for 2255 relief on a ground previously heard and determined. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). That rule applies here. Appellant, shortly after being sentenced, moved to withdraw his plea. The ground was mental incompe-