**Wendell RAIFORD, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 72-2134.**

United States Court of Appeals, Ninth Circuit.

Aug. 1, 1973.

Wendell Raiford, pro per.

Sidney E. Smith, U. S. Atty., Thomas C. Frost, Asst. U. S. Atty., Boise, Idaho, for appellee.

## OPINION

Before HAMLIN, KOELSCH and ELY, Circuit Judges.

ELY, Circuit Judge:

The appellant is a federal prisoner, convicted of having violated 18 U.S.C. §

2314 and, on November 19, 1971, sentenced to confinement under the provisions of the Youth Corrections Act. At the time of the sentencing, the District Judge carefully advised Raiford, in the presence of his defending attorney, of his right to appeal. Raiford expressly waived that right, both orally and in writing. Approximately five months later on April 24, 1972, he filed a motion for relief under 28 U.S.C. § 2255. In denying this motion, properly, we think, the District Court recited:

"The grounds alleged in the petition are difficult to ascertain as the language used is stilted, conclusionary and nearly unintelligible. However, a careful reading seems to leave me with the impression that the gist of petitioner's complaint lies in the admission of certain evidence at the trial dealing with the source of certain money orders, the cashing of which formed a basis of the charges for which petitioner was convicted. At best the petition makes it clear that such issues should have been presented by way of direct appeal. No showing is made why these issues were not made the basis of an appeal. The provisions of 28 U.S.C.A. § 2255 are not intended to provide a substitute for direct appeal."

Thereafter, on June 1, 1972, Raiford filed in the District Court a document which he, acting *in propria persona*, designated "Writ of Coram Nobis in Forma Pauperis". In this document Raiford undertook to explain why he had not appealed from the court's judgment of conviction. He alleged that the advice of his appointed counsel was "not to pursue appeal in this matter, which petitioner now finds was erroneous and incompetent advice." Continuing, Raiford asserted, "At the time that the petitioner was advised of his right to appeal, he relied solely on his attorney for advice and he was ignorant of the mistake that his attorney was making in forfeiting the right to appeal."

■■ The District Court summarily rejected the relief sought by Raiford in the second document, treating it as a motion for leave to take an untimely appeal. We have concluded that this was error and that the District Court should have treated the document filed on June 1, 1972, as a second application for relief under 28 U.S.C. § 2255. In his first motion, Raiford merely alleged, in effect, that much testimony which might have operated in his favor was not presented at his trial. There is nothing, however, in the first motion which alleged that Raiford had been deprived of the effective representation of counsel. Although the second document filed by Raiford is crude, it does, as we interpret it, raise the constitutional issue of the lack of effective representation by competent counsel. The District Court may have deemed the allegation too vague and imprecise. In that event, however, it would have been the "better practice to direct [Raiford] . . . to amend his application, rather than to deny the application." Oliver v. United States, 398 F.2d 353, 355 n.5 (9th Cir. 1968), *citing* Sanders v. United States, 373 U.S. 1, 19, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). But here, as in *Oliver*, our affirming the District Court's Order "will not stand in the way of a new application" by Raiford. The denial here involved "without a hearing is not a denial on the merits, and since in any event, res judicata does not apply in section 2255 proceedings [citing Gomez v. United States, 396 F.2d 323 (9th Cir. 1968)] . . . such a denial is without prejudice and a failure to direct amendment rather than to deny outright is not a ground for reversal." *Oliver, supra* at 356 n.5.

Affirmed.