**UNITED STATES of America**

v.

**Elaine ALLEN and James Liles a/k/a Junior.**

**Appeal of James LILES.**

**No. 73-2026.**

United States Court of Appeals, Third Circuit.

Submitted under rule 12(6) March 15, 1974.

Decided April 10, 1974.

Barney B. Welsh, Ominsky, Koral & Welsh, Philadelphia, Pa., for appellant.

Paul E. Holl, Asst. U. S. Atty., Philadelphia, Pa., Robert E. J. Curran, U. S. Atty., for appellee.

Before ALDISERT, GIBBONS and ROSENN, Circuit Judges.

## OPINION OF THE COURT

ROSENN, Circuit Judge.

The sole issue raised on this appeal is whether the district court committed er-

ror in imposing sentence on the defendant following receipt of information contained in a letter submitted by the prosecution after trial, and after hearing testimony at the time of sentencing relating to offenses charged in another pending indictment.

The defendant, James Liles, was convicted on Counts III and IV of a four count indictment tried to the court. Count III charged him with knowingly aiding, abetting, counseling, inducing and procuring the distribution of heroin in violation of 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 2. Count IV charged him with unlawfully conspiring with his co-defendant to violate 21 U.S.C. § 841(a)(1), in violation of 21 U.S.C. § 846.

Two days before the scheduled date for sentencing the prosecution delivered a letter to the trial judge, with a copy to defendant's counsel, stating that the Government would recommend that Liles be given a "substantial term of imprisonment." The letter informed the judge that Liles "is and has been a major non-addict pusher of heroin, dealing primarily in bundle quantities on a substantial basis in the West Philadelphia area." It asserted that "the defendant's recent . . . conviction in the Philadelphia Common Pleas Court for the sale of heroin, which presumably will be reflected in the pre-sentence report, supports this allegation."

In support of its allegation in the letter that defendant was a major narcotics pusher, the prosecution at sentencing invited the trial judge's attention to certain testimony at trial relating to defendant's bundle sales of heroin. In further support of its allegation, the prosecution also called Police Officer Laguins, assigned to the Philadelphia Drug Enforcement Administration Task Force, who testified concerning his role in several alleged purchases of drugs involving Liles. These offenses were the subject of another indictment then pending in the same district court before another judge. Defense counsel did not interpose any objection to the taking of this testimony and extensively cross-examined Officer Laguins.

On October 19, 1973, Liles was sentenced on Count III to imprisonment for a period of three years, the statutory sentence for this offense being imprisonment for not more than fifteen years and a fine of $25,000, or both. The sentence was to run consecutively with the term of imprisonment which the defendant was then serving under a sentence of the Court of Common Pleas of Philadelphia County. Liles was made eligible for parole at such time as the Board of Parole might determine pursuant to 18 U.S.C. § 4208(a)(2). In addition to the sentence of imprisonment, the court imposed a special parole term of five years to follow the sentence of imprisonment on this count. The court suspended sentence on Count IV and placed the defendant on probation for a period of three years to follow the expiration of the special parole term imposed on Count III.

On appeal, Liles does not attack the underlying conviction. He contends, however, that his sentence was illegal. First, he argues that the unsubstantiated statement in the letter violated his constitutional rights under United States v. Weston, 448 F.2d 626 (9th Cir. 1971). Second, he contends that the presentation of testimony at the time of sentencing as to other offenses violated his constitutional rights to due process because he did not have an opportunity to prepare an adequate defense or to call rebuttal witnesses. After careful consideration of the briefs of counsel and the record in this case, we find both contentions without merit and we affirm.

As to his first contention, Liles contends that under United States v. Weston, *supra*, the sentencing judge could not consider the uncorroborated statement contained in the prosecution's letter to the district court that the defendant was a "major non-addict pusher." The defendant in *Weston* was convicted

of receiving, concealing, and facilitating the transportation of heroin. After the verdict was received the court indicated it considered appropriate the minimum mandatory sentence of five years. After considering a pre-sentence report, which indicated that the defendant was a large scale heroin dealer, however, the judge reconsidered the proposed sentence and thereupon imposed the maximum sentence of twenty years. The Ninth Circuit vacated the sentence because the pre-sentence report described "other criminal conduct charged [of the defendant] [which] was very serious, and the factual basis for believing the charge was almost nil." United States v. Weston, 448 F.2d at 633.

In an effort to avoid the precise problem over which the sentencing judge stumbled in *Weston,* Judge Becker in the case sub judice permitted the prosecution to call a witness to support its allegation that the defendant was a "major non-addict pusher of heroin." Although the court took such testimony, it became apprehensive that, if it considered the testimony as to other offenses charged in the indictment pending before Judge Newcomer in the United States District Court for the Eastern District of Pennsylvania against this defendant, there was a possibility that the issue of double jeopardy might be raised in the hearing on that indictment. Moreover, defendant was represented by other counsel in the pending indictment. Judge Becker, therefore, prudently informed counsel for the parties at side bar, "I want to make it clear that I intend to sentence only with respect to the matter which is before me." After further colloquy with counsel, he stated unequivocally, "I reiterate my intention to decide this case on the facts of this record and not in any wise to sentence Mr. Liles on the indictments which are not before me." The court, however, did note in connection with the sentence that it did rely on certain past convictions of Liles to which it specifically referred, including the recent sentence of five to fifteen years imposed by the Philadelphia Court on a narcotics conviction.

In United States v. Metz, Appeal of Davenport, 470 F.2d 1140 (3d Cir. 1972), cert. denied, 411 U.S. 919, 93 S. Ct. 1558, 36 L.Ed.2d 311 (1973), we held that pending indictments for other criminal activity were sufficiently reliable as to warrant their consideration by a judge in fixing sentence. Senior Judge Biggs, who authored that opinion, pointed out that under 18 U.S.C. § 3577 and F.R.Crim.P. 32(c),

> [t]he object of the sentencing court is thus to acquire knowledge of the character and history of the man before it. "[F]ew things could be so relevant as other criminal activity of the defendant," United States v. Doyle, 348 F.2d 715, 721 (2d Cir. 1965), cert. denied, 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84 (1965), for consideration of other criminal activity is important in the balancing of punishment, deterrence, and rehabilitation, thereby determining the period of confinement anticipated to be required to effect the purposes of the sentence.

470 F.2d at 1141. In that case, however, we were not called upon to decide the question of whether the judge in fixing sentence may hear *testimony* as to the offenses which were the subject of the pending indictment. Nor do we reach the question in this case, in view of the clear and unequivocal statement of the sentencing judge that he was not relying on the offenses charged in the pending indictment or on the broad allegation in the letter. For the same reason, we reject defendant's second contention that he was denied due process.

The judgment of the district court will be affirmed.