**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Michael E. YATES, Defendant-Appellant.**

**No. 76–2036.**

United States Court of Appeals, Seventh Circuit.

Argued Feb. 22, 1977.

Decided May 4, 1977.

Rehearing Denied June 13, 1977.

Roy Eugene Clark, Mount Vernon, Ill., for defendant-appellant.

Henry A. Schwarz, U.S. Atty., Clifford J. Proud, Asst. U.S. Atty., East St. Louis, Ill., for plaintiff-appellee.

Before SWYGERT and WOOD, Circuit Judges, and CHRISTENSEN, Senior District Judge.[1]

CHRISTENSEN, Senior District Judge.

The appellant, Yates, was indicted on two counts of knowingly and intentionally possessing and distributing cocaine. He pleaded guilty to one count. After presentence investigation, probation officer's report, and hearing, the court sentenced him to imprisonment for a term of four years with a special parole term of three years to follow that confinement. The second count was dismissed. The single claim pressed on this appeal is that the sentencing judge improperly considered prejudicial hearsay evidence in determining the sentence.[2] The record does not substantiate this claim.

The court had requested counsel for the defendant and the government to furnish information to the probation officer for the purposes of the presentence report. Both parties reserved the right to present directly to the court additional evidence in support or opposition to the defendant's motion for probation. At the sentencing hearing, defendant's counsel made a statement but objected to claims made by government counsel that defendant had been reported to have sold marijuana after released on bond, and that he had sold drugs to high school students. The court permitted the

government to attempt to prove these assertions, but it developed that the statements were based on hearsay to the extent the proffered evidence purported to cover them.

We need not nicely weigh in this case the extent and under which circumstances hearsay evidence may be considered in the sentencing process. See, e. g., *Williams v. New York,* 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949); *Williams v. Oklahoma,* 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959); *United States v. Collins,* 432 F.2d 1136 (7th Cir. 1970), *cert. denied,* 400 U.S. 1011, 91 S.Ct. 576, 27 L.Ed. 625 (1971); *United States v. Chewning,* 458 F.2d 381 (9th Cir. 1972). Cf. *United States v. Schipani,* 435 F.2d 26 (2d Cir. 1970), *cert. denied,* 401 U.S. 983, 91 S.Ct. 1198, 28 L.Ed.2d 334 (1971); *United States v. Weston,* 448 F.2d 626 (9th Cir. 1971). Nor is it necessary to evaluate defendant's argument that, in light of Rule 32(c)(1), (c)(3)(A), Fed.R.Crim.P., the presentence report prepared by the probation officer is to be the primary source of information on which the sentence is to be based and that there must be opportunity for a defendant to rebut claimed inaccuracies. Defendant was permitted to deny the accuracy of the hearsay statements and did not question the accuracy of the presentence report. The record indicates that in imposing sentence the court disregarded any hearsay statements or claims and acted upon the basis of the presentence report.

Although the defendant claims that the judge displayed a change of attitude toward him after hearing the hearsay testimony, the record does not bear this out. On the contrary, before the hearsay was ever mentioned, the judge had pointed out that the favorable impression he had received at the time of the initial appearance of the de-

---

1. Of the District of Utah, sitting by designation.

2. Agent Brunholtz testified that he purchased cocaine from the defendant on two occasions during March and April of 1976 (the transactions which were the basis of the indictment) and that the defendant had offered to sell . him heroin. All of these were testified to by Agent Brunholtz as personally occurring between himself and the defendant. He further testified on the basis of information furnished to him by others, however, that the defendant had supplied local junior high school students, and following his arrest he had offered to sell marijuana to an informant of a local police department. This was the hearsay testimony to which defendant objected.

fendant before him had been dispelled by the presentence report.[3]

The record also demonstrates that any reference to the hearsay objected to by defendant was disregarded by the sentencing judge and that in arriving at the sentence he placed primary reliance upon the presentence report.[4]

Being well within the limits provided by law,[5] based upon due consideration, and not vulnerable to the question raised,[6] the sentence and judgment are AFFIRMED.

SWYGERT, Circuit Judge, dissenting.

Although prior decisions, cited by the majority, may have foreclosed defendant's arguments that his constitutional rights were violated because the information received was hearsay, the majority has misapprehended the point of Yates' argument based on Fed.R.Crim.P. 32. Rule 32(c)(1)[1] directs the United States Probation Office to make a presentence investigation and to prepare a report based upon this investigation. The defendant may waive this procedure or the court may find the record sufficient in itself as a basis for sentencing. Rule 32(c)(3)(A)[2] requires the judge to permit the defendant the opportunity to comment upon it and, within the court's discretion, to introduce testimony concerning factual inaccuracies.

These two sections, taken together, demonstrate a policy clearly intended by Congress, to channel all factual data considered by the judge in sentencing through the

---

**3.** "[A]nd I got the impression much as you are now, that you were visibly shaken by the proceeding, outwardly at least, and the Court is—was impressed by that. In fact Mr. Clark was correct, I told him privately that I thought that your—you were quite shaken by it. I am not totally sure, however Mr. Yates, that my impression of you is correct and I—reading this [the presentence report] and discussing it, I have some serious reservations about your attitude about this. I think that, and the Court is pretty blunt about this, that you may be acting in Court only one way and doing something else. . . ."

**4.** "I would not give it [the hearsay evidence] that weight either certainly. . . . I think what I'm going to do is well justified from the pre-sentence report itself, disregarding any other testimony that is presented . . . what I will do . . . will be well within those [statutory] limitations and it's based on the pre-sentence report and I feel that my actions are justified. I think the Court did get a false impression of you Mr. Yates and it was largely from your appearance in Court that the pre-sentence report doesn't back up.' I don't think your actions outside of this Court have any—bear any semblance to your actions in Court."

**5.** 21 U.S.C. § 841(b)(1)(A) authorizes imprisonment of not more than fifteen years, a fine of not more than $25,000, or both.

**6.** *Williams v. New York,* 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949), *supra; Williams v. Oklahoma,* 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959), *supra; United States v. Collins,* 432 F.2d 1136 (7th Cir.

1970), *supra; United States v. Allen,* 494 F.2d 1216 (3d Cir.), *cert. denied sub nom., Liles v. United States,* 419 U.S. 852, 95 S.Ct. 94, 42 L.Ed.2d 83 (1974).

**1.** Rule 32(c)(1) reads in part:

The probation service of the court shall make a presentence investigation and report to the court before the imposition of sentence or the granting of probation unless, with the permission of the court, the defendant waives a presentence investigation and report, or the court finds that there is in the record information sufficient to enable the meaningful exercise of sentencing discretion, and the court explains this finding on the record.

**2.** Rule 32(c)(3)(A) provides:

Before imposing sentence the court shall upon request permit the defendant, or his counsel if he is so represented, to read the report of the presentence investigation exclusive of any recommendation as to sentence, but not to the extent that in the opinion of the court the report contains diagnostic opinion which might seriously disrupt a program of rehabilitation, sources of information obtained upon a promise of confidentiality, or any other information which, if disclosed, might result in harm, physical or otherwise, to the defendant or other persons; and the court shall afford the defendant or his counsel an opportunity to comment thereon and, at the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in the presentence report.

probation office and its report. There is good reason for such a policy. The probation office, which routinely handles such investigations has the expertise and disinterest necessary to evaluate information and its sources, especially hearsay. Probation officers, who regularly come into contact with such information, are in the best position to determine its value and credibility in reporting it. Further, the probation office is a much more objective filter for such information than the federal prosecutor, who presented the hearsay in this case. In fact, the district court had indicated to both parties that they should present any relevant information to the probation office. Congress, in providing this screening procedure which can be waived only by the defendant or the judge if there is sufficient information already in the record, was expressing a policy that any additional information pass through it.

Moreover, Rules 32(c)(1) and (c)(3)(A) indicate that Congress intended that a defendant have an opportunity to meaningfully challenge information received by the sentencing judge. Such a challenge can be made when the material is contained in a presentence report. It may, however, be impossible to do anything but deny a factual inaccuracy with which the defendant is confronted for the first time immediately prior to sentencing. This is especially true of hearsay where, as in the instant case, the original declarant was not even identified.

I am not persuaded that the judge here did not permit this information to influence his decision. The Government was asked at oral argument whether a sentence of four years was a normal one in the Eastern District of Illinois for such an offense. It stated that a normal sentence in the district for an offense of this type is more than four years because the offender generally has a prior criminal record. The Government never stated what a usual sentence for a person with no prior record would be in the district. At oral argument, however, it implied that this four year sentence was not usual; this implication can be found in its speculation, in response to the question,

that the sentence was the result of the judge's examination of the presentence report. Before he pronounced sentence, however, the judge had also heard the damaging hearsay-on-hearsay testimony. Despite the trial judge's disavowment that he was influenced by the hearsay testimony, we are ignoring the facts as well as human nature to say that this testimony might not have had an influence—perhaps a subconscious one—on the sentence.

Because the procedure taken by the sentencing judge was contrary to the policy expressed by Congress in Fed.R.Crim.P. 32, I would vacate the sentence and remand the case to another judge for resentencing. In urging this disposition of the case I do not wish to indicate any reflection on the fairness of the trial judge.