**Harry E. CHARD, Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

**No. 77–3115.**

United States Court of Appeals,
Ninth Circuit.

July 28, 1978.

Kenneth Kanev, Seattle, Wash., for petitioner-appellant.

Charles Pinnell, Seattle, Wash., for respondent-appellee.

Before BROWNING and WALLACE, Circuit Judges, and RENFREW,* District Judge.

RENFREW, District Judge.

Chard asks that we reverse the district court's refusal to grant him section 2255 relief. He asserts two contentions, neither of which has merit.

* The Honorable Charles B. Renfrew, United States District Judge, Northern District of California, sitting by designation.

■ Chard first argues that the district court erred in declining to conduct a full evidentiary hearing on the issue of whether he had been adequately informed of his appeal rights following his underlying conviction. *See* Fed.R.Crim.P. 32(a)(2). The district judge declined to consider this allegation because it had been previously raised and rejected in Chard's earlier "Motion for Permission to File a Belated Appeal."

Section 2255 expressly provides that "[t]he sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." Although the district court had previously considered Chard's claim in acting on his motion for permission to file a late appeal rather than an earlier 2255 application, we do not believe this difference to be significant. *See Williams v. United States*, 466 F.2d 672 (9 Cir. 1972) (previous determination of a motion to withdraw plea).

Pursuant to *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), the district court was correct in declining to grant a hearing on this issue

"only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application." 373 U.S. at 15, 83 S.Ct. at 1077 (footnote omitted).

The first two requirements are clearly satisfied. In the earlier motion, Chard's claim was resolved against him. Moreover, the determination was on the merits in that it was made "on the basis that the files and records conclusively resolved" Chard's contention. *Id.* at 16, 83 S.Ct. at 1077.

Turning to the third requirement, we have previously held that even though a 2255 motion presents an identical ground which has previously been resolved on the merits and against the prisoner, a hearing may not be denied "absent a determination that the ends of justice would not be served

by permitting the redetermination of the ground raised in the first section 2255 motion." *Brooks v. United States*, 457 F.2d 970, 971 (9 Cir. 1972); *accord, Tannehill v. Fitzharris*, 451 F.2d 1322, 1324 (9 Cir. 1971); *see also Gomez v. United States*, 396 F.2d 323, 326 (9 Cir. 1968). Although no explicit determination to this effect appears in the record, the views of the district court on this point emerge clearly from the magistrate's report, which the court adopted. The report sets forth the entire three-part test of *Sanders v. United States, supra*; states that leave to appeal in forma pauperis on this claim was previously denied on the ground that it was frivolous; and repeats the court's prior conclusion that the claim was conclusively foreclosed by documents already on file. On this record, the required "specific finding" that the ends of justice would not be served by reaching the merits, *Tannehill v. Fitzharris, supra*, 451 F.2d at 1324, may be implied.

■ Chard's second contention is that the sentencing court erred in relying upon a presentence memorandum submitted by the FBI. The purpose of the memorandum was to inform the judge of the nature and extent of Chard's postconviction cooperation with the various law enforcement agencies. Chard argues that the memorandum contained material inaccuracies which he was not given an opportunity to refute.

Even assuming that Chard's allegations are factually correct, we conclude that the district court correctly refused to hold an evidentiary hearing. In our view, the record clearly indicates that the judge imposed sentence on the basis of the information brought to light during the trial; he simply did not rely on the FBI memorandum. As a result, we find no error in the district judge's refusal to order a hearing on this contention. *See United States v. Yates*, 554 F.2d 342, 343 (7 Cir. 1977), *cert. denied*, 434 U.S. 865, 98 S.Ct. 200, 54 L.Ed.2d 141 (1978); *United States v. Allen*, 494 F.2d 1216, 1218 (3 Cir.) *cert. denied*, 419 U.S. 852, 95 S.Ct. 94, 42 L.Ed.2d 83 (1974); *United States v. Powell*, 487 F.2d 325, 328 (4 Cir. 1973).

AFFIRMED.

WALLACE, Circuit Judge, dissenting:

While I would prefer the result reached by the majority, I reluctantly conclude that the majority's analysis cannot be squared with a prior decision of this court. I am, therefore, compelled to dissent.

In *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), the Supreme Court explained that a section 2255 motion may be denied without a hearing *"only if . . . (3) the ends of justice would not be served by reaching the merits of the subsequent application." Id.* at 15, 83 S.Ct. at 1077 (emphasis added). Clearly, the reciprocal implication of this assertion is that a hearing *must* be held if the ends of justice would be served by so doing.

In *Tannehill v. Fitzharris*, 451 F.2d 1322 (9th Cir. 1971), we partially fleshed out the day-to-day application of *Sanders* by holding that

> [i]f the district court dismisses a petition on the basis of a prior adjudication, it must make a *specific finding* that the ends of justice would not be served by reaching the merits.

*Id.* at 1324 (emphasis added).

In this case, the majority asserts that the district judge's determination regarding the ends of justice "may be implied" from the text of the magistrate's report. Although I might agree that the report suggests that the judge made such a determination, I cannot equate this implication with the "specific finding" requirement of *Tannehill*. Thus, I would remand in order for the district judge to make a specific finding on whether the ends of justice would be served by conducting a hearing on Chard's contention that he was not properly advised of his appeal rights.