46 F.3d 1141
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leonard John HODGSON, Petitioner-Appellant,
v.
Daniel VASQUEZ, et al., Respondents-Appellees.
 No. 94-16249.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 11, 1995.*
Decided Jan. 24, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 MEMORANDUM**
 Leonard John Hodgson, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition. Hodgson was convicted of rape and oral copulation. He contends the district court erred when it denied his petition on abuse of the writ grounds. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253. After accepting the district court's factual findings unless clearly erroneous and reviewing its conclusions of law de novo, Jones v. Meyer, 899 F.2d 883, 884 (9th Cir.), cert. denied, 498 U.S. 832 (1990), we affirm.
 Absent cause and prejudice or a fundamental miscarriage of justice, new claims raised in subsequent habeas petitions are barred as an abuse of the writ. McCleskey v. Zant, 499 U.S. 467, 493-94 (1991). In order to demonstrate cause, petitioner must show that " 'some objective factor external to the defense' " prevented petitioner from raising the claim in his prior federal petition. Id. at 493 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). In order to meet the fundamental miscarriage of justice exception, petitioner must supplement his constitutional claim with a colorable showing of factual innocence. Id. at 494.
 
 
 1
 On June 15, 1990, Hodgson filed his first federal petition in district court. This petition did not raise any sentencing issues. It was denied after evidentiary hearing on August 26, 1992. On August 2, 1993, this court affirmed the district court's denial. On January 10, 1994, Hodgson's petition for certiorari was denied.
 
 
 2
 On November 15, 1993, Hodgson filed this petition, his second, in district court; it raises six sentencing issues. After finding that Hodgson had failed to establish cause and prejudice, the district court, on May 2, 1994, denied Hodgson's second petition on abuse of the writ grounds.
 
 
 3
 Hodgson contends that his failure to raise these claims in his first petition should be excused because he is not versed in the law. We disagree. A petitioner's pro se status does not constitute cause. Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 908 (9th Cir.1986); see also Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir.1988).
 
 
 4
 Alternatively, Hodgson explains that he failed to raise these six sentencing issues in his first federal petition because they had not yet been ruled upon the California Supreme Court.[1] This explanation is insufficient to excuse his failure to include these claims in his first petition. Although piecemeal habeas litigation was at one time permitted in this circuit, that law was overruled by McCleskey. See Campbell v. Blodgett, 997 F.2d 512, 519-20 (9th Cir.1992) (citing Neuschafer v. Whitley, 860 F.2d 1470, 1475-76 (9th Cir.1988), cert. denied, 493 U.S. 906 (1989); Tannehill v. Fitzharris, 451 F.2d 1322, 1323 (9th Cir.1971)).[2]
 
 
 5
 Finally, Hodgson argues that newly discovered evidence establishes cause. Hodgson includes a February 1, 1993 letter from his trial judge in which the trial judge states that it was his understanding at the time of Hodgson's trial that application of Proposition 8 was mandatory. Even assuming that a claim regarding the application of Proposition 8 states a federal due process claim rather than merely an issue of state law, see Estelle v. McGuire, 112 S.Ct. 475, 480 (1991), the 1993 letter from Hodgson's trial judge fails to constitute cause for Hodgson's abuse of the writ. Hodgson has not shown that any external impediment prevented him from raising the claim in his first petition. See McCleskey, 499 U.S. at 493, 497. To the contrary, Hodgson raised a claim on direct appeal challenging the trial judge's mandatory application of Proposition 8.[3] Because this claim was known to Hodges at the time of his first federal petition, his failure to raise this claim, or any claim related to the mandatory application of Proposition 8, cannot be excused. See McCleskey, 499 U.S. at 497 (that petitioner "did not possess or could not reasonably have obtained certain evidence fails to establish cause if other known or discoverable evidence could have supported the claim in any event").
 
 
 6
 As Hodgson has made no colorable showing of factual innocence, the fundamental miscarriage of justice exception is inapplicable. Id. at 494.
 
 
 7
 Because Hodgson has failed to establish cause and prejudice or a fundamental miscarriage of justice, we affirm the district court's denial of his second petition as an abuse of the writ.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Hodgson raised these claims to the California Supreme Court on July 7, 1993; that court denied those claims on September 29, 1993
 
 
 [2]
 Hodgson cannot argue that he had no notice of the requirements of McCleskey at the time of his first petition. His petition was filed before McCleskey was decided but not denied until more than a year after McCleskey was announced. It is settled law that McCleskey applies to petitions pending at the time of the McCleskey decision. See Harris v. Vasquez, 949 F.2d 1497, 1511-12 (9th Cir.1990)
 
 
 [3]
 The state court of appeal agreed with Hodgson and ordered a limited remand on the issue