51 F.3d 279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lincoln Lane ADDLEMAN, Jr., Petitioner-Appellant,
v.
Janet BARBOUR, Superintendent; KATHRYN S. BAIL,
Respondents-Appellees.
 No. 94-35919.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 23, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lincoln Lane Addleman, Jr., a Washington state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition. Addleman pleaded guilty to statutory rape in the first degree and, on June 9, 1980, was sentenced to life imprisonment. Addleman contends the district court erred when it dismissed some of his claims as abusive, others as procedurally barred, and the remainder as meritless. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and we affirm.
 
 
 3
 We accept the district court's factual findings unless clearly erroneous and review its conclusions of law de novo. Jones v. Meyer, 899 F.2d 883, 884 (9th Cir.), cert. denied, 498 U.S. 832 (1990). The district court's judgment may be affirmed on any ground supported by the record. Garcia v. Bunnell, 33 F.3d 1193, 1195 (9th Cir.1994), cert. denied, 1995 U.S. LEXIS 2122 (Mar. 20, 1995).
 
 
 4
 On March 30, 1992, Addleman filed this petition, his second federal petition, in the Western District of Washington. Addleman filed his first federal petition in the Eastern District of Washington on October 19, 1987. It was rejected on its merits and dismissed with prejudice on August 7, 1989.
 
 
 5
 While his first federal petition was pending, Addleman filed another petition in the Western District of Washington on December 3, 1987. This petition was dismissed without prejudice on June 17, 1988 for failure to exhaust state remedies.[1]
 
 
 6
 Addleman insists that raising the claims in the instant petition does not constitute an abuse of the writ because these are the same claims which were dismissed without prejudice for failure to exhaust state remedies in 1988. We disagree.
 
 
 7
 Although it is true that courts of this circuit at the time of Addleman's earlier petitions would not necessarily have found a subsequent petition abusive when a petitioner had withheld unexhausted claims from a prior petition, that law was overruled by McCleskey v. Zant, 499 U.S. 467, 493-94 (1991). See Campbell v. Blodgett, 997 F.2d 512, 519-20 (9th Cir.1992) (citing Neuschafer v. Whitley, 860 F.2d 1470, 1475-76 (9th Cir.1988), cert. denied, 493 U.S. 906 (1989) and Tannehill v. Fitzharris, 451 F.2d 1322, 1323 (9th Cir.1971)). The abuse of the writ doctrine bars new claims in subsequent petitions absent cause and prejudice or a fundamental miscarriage of justice. McCleskey, 499 U.S. at 493-94. There is no exception to this rule for prisoners who filed their first petitions before McCleskey was announced. See Campbell, 997 F.2d at 519-20; Harris v. Vasquez, 949 F.2d 1497, 1511-12 (9th Cir.1991).
 
 
 8
 Because Addleman has made no showing of actual innocence and has failed to demonstrate that cause and prejudice exist for his failure to include these claims in his first federal petition, his claims are barred as an abuse of the writ. See McCleskey, 499 U.S. at 493-94.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument and his motion for appointment of counsel are denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because this petition was not decided on its merits, it is not counted as Addleman's second petition for abuse of the writ purposes. See Hendricks v. Zenon, 993 F.2d 664, 672 (9th Cir.1993)