Tyrone HURT, Appellant,

v.

ST. ELIZABETHS HOSPITAL, Appellee.

No. 10574.

District of Columbia Court of Appeals.

Argued Oct. 21, 1976.

Decided Dec. 8, 1976.

Richard M. Hall, Washington, D.C., appointed by this court, for appellant. Lawrence K. Hoffman, Washington, D.C., also appointed by this court, was on brief for appellant.

Mary H. Weiss, Asst. U. S. Atty., Washington, D.C., with whom Earl J. Silbert, U. S. Atty., John A. Terry and William D. Pease, Asst. U. S. Attys., Washington, D. C., were on brief, for appellee.

Before FICKLING, NEBEKER and MACK, Associate Judges.

NEBEKER, Associate Judge.

Appellant was convicted on December 1, 1972, of murder in the first degree and carrying a dangerous weapon, D.C.Code 1973, §§ 22–2401 and 22–3204, respectively. The convictions were subsequently affirmed by this court. *Hurt v. United States*, D.C.App., 337 A.2d 215 (1975). On February 23, 1976, appellant moved to have his sentence vacated pursuant to D.C.Code 1973, § 23–110, a local provision substantially identical to 28 U.S.C. § 2255. This motion was denied without a hearing. On appeal, appellant claims that the trial court judge acted improperly in failing to grant a hearing on the motion. We disagree and affirm.

Section 23–110, like section 2255, *supra*, requires that a hearing on a motion to vacate a sentence be held "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." However, a trial court is not required to entertain "a second or successive motion for similar relief on behalf of the same prisoner." Included in the files and records of this case is a petition for habeas corpus relief which nearly duplicates the motion here in issue.[1] To the extent that the allegations in the motion merely repeat the previously rejected contentions in the habeas corpus petition, they need not have been considered by the trial court judge. *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L. Ed.2d 148 (1963).

The sole issue presented to the trial judge in the section 23–110 motion which was not presented in the habeas corpus petition was whether appellant's counsel was unconstitutionally ineffective. The exact nature of this asserted ineffectiveness was not explained in the motion. Given the generality and vagueness of this allegation, the trial court was not required to hold a hearing. *See Bettis v. United States,* D.C.App., 325 A.2d 190 (1974).

On appeal, appellant elaborates on the vague ineffective assistance allegation by urging that trial counsel was ineffective in failing to investigate a possible alibi defense. Appellant seeks to substantiate this allegation by appending to his brief an affidavit wherein he claims that he told counsel prior to trial that he was at his girlfriend's house at the time of the murder. This affidavit, even if properly a part of the record, does not compel us to order the trial judge to hold a hearing on the motion. Appellant testified in support of his self-defense claim, thus judically admitting he had no alibi claim as he con-

fessed presence at the scene of the offense. Appellant cannot testify to one set of facts at trial and then, when the jury rejects that testimony, assert a patently inconsistent allegation as the basis for collateral attack. *See Decker v. United States,* 378 F. 2d 245 (6th Cir. 1967); *Green v. United States,* 256 F.2d 483 (1st Cir. 1958). *See also Evans v. United States,* 408 F.2d 369 (7th Cir.1969). Without some plausible explanation for such factual inconsistency, we hold that the "files and records . . . conclusively show that the prisoner is entitled to no relief," and that denial of a hearing on the point was not error.

Accordingly, we decline appellant's suggestion to remand the case to the trial court for a hearing on the motion once modified by the affidavit, and we affirm the order denying relief.

*So ordered.*

firmed by this court. *See Hurt v. Strickland,* D.C.App. No. 10318, JUDGMENT dated Jan. 6, 1976, *cert. denied,* 425 U.S. 979, 96 S.Ct. 2184, 48 L.Ed.2d 805 (1976).