Arlie D. SESSION, Appellant,

v.

UNITED STATES, Appellee.

Nos. 10700, 11612.

District of Columbia Court of Appeals.

Argued Sept. 14, 1977.

Decided Dec. 14, 1977.

Alfred L. Toombs, Washington, D. C., appointed by this court, for appellant.

Iraline G. Barnes, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, William D. Pease and Albert H. Turkus, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before KELLY, GALLAGHER and YEAGLEY, Associate Judges.

GALLAGHER, Associate Judge:

Appellant was convicted of kidnapping,[1] simple assault [2] and petit larceny.[3] Appellant filed a post-trial motion for a new trial under D.C.Code 1973, § 23–110 [4] alleging that he had been deprived of effective assistance of counsel in derogation of his Sixth Amendment right. In support, appellant asserted (a) his trial counsel refused to call him to testify in his own behalf, contrary to appellant's wish, and even though his only prior record was a juvenile offense approximately ten years before the trial date; (b) his trial counsel failed to interview and present a necessary defense witness ("Faye"), brought to his attention early by appellant, who was capable of contributing material testimony favorable to ap-

---

1. D.C.Code 1973, § 22–2102.

2. D.C.Code 1973, § 22–504.

3. D.C.Code 1973, § 22–2202.

4. *See also* Super.Ct.Cr.R. 33.

pellant;[5] and (c) his trial counsel failed to conduct an adequate investigation of the facts surrounding the occurrence and of the background of the complaining witness.

Appellant contends that the trial court erred in denying the motion for a new trial without a hearing.[6]

In pertinent part the statute provides:
(c) Unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the prosecuting authority, *grant a prompt hearing thereon*, determine the issues, and make findings of fact and conclusions of law with respect thereto. . . . [D.C.Code 1973, § 23–110; emphasis supplied.]

■ The issue here essentially is whether the trial court erred in not first granting appellant a hearing on the motion for a new trial. In denying the motion the trial court stated it had determined that a prima facie case requiring a · hearing had not been made. This was error.

Narrowly drawn as it is, the statute required a hearing on the motion in these circumstances because "the motion and files and records of the case" did not "conclusively show that the prisoner is entitled to no relief." *Machibroda v. United States*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). "The factual allegations . . . related primarily to purported occurrences . . . upon which the record could . . cast no real light. Nor were the circumstances alleged of a kind that the [trial judge] could completely resolve by drawing upon his own personal knowledge or recollection." *Id.* at 494–95, 82 S.Ct. at 514.

■ This is not to say that a motion for new trial alleging ineffective assistance of counsel automatically requires a hearing. That would convert our criminal justice system into a farce. The ". . . specifica-

tions of the motion[7] [must be] sufficient to indicate a lack of fair trial in the real sense of that abused term; moreover the specifications, even if impressive upon their face, must withstand initial checking for verity or, at the least, the probability of verity." *Mitchell v. United States*, 104 U.S.App.D.C. 57, 62, 259 F.2d 787, 792, *cert. denied*, 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86 (1958). Nor is a hearing required "[i]f a claim for relief is couched purely in conclusory terms, with essentially no factual foundation . . . ." *Bettis v. United States*, D.C. App., 325 A.2d 190, 196 (1974).

Petitioner's motion and showing survive these tests. Whether there is any merit to petitioner's allegations is another matter, but we conclude that in these circumstances a hearing on the motion for new trial was required. Consequently, we remand for a hearing on petitioner's motion for a new trial.

*Remanded with instructions.*

YEAGLEY, Associate Judge, concurring in the result:

While I believe that justice in this case requires that a hearing be held on appellant's motion, I do not want to imply by my concurrence that the opinion should be read as suggesting that relief in such cases is easily obtained by means of a collateral attack. Rather, I would emphasize the standard expressed by the circuit in *Bruce v. United States*, 126 U.S.App.D.C. 336, 339–40, 379 F.2d 113, 116–17 (1967):

Although the cases are rare and extraordinary, it appears that an accused may obtain relief under 28 U.S.C. § 2255 if he shows both that there has been gross incompetence of counsel and that this has in effect blotted out the essence of a substantial defense either in the District Court or on appeal.

---

5. The nature of the asserted testimony was set forth and, if it were to be forthcoming, it would be material.

6. Appellant also argues that the trial court erred in discharging a juror without cause and

over his objection. We conclude this contention clearly has no merit.

7. The motion should of course be supported by affidavit.

It would not be fruitful to attempt further delineation of the applicable standard by reference to generalities, except perhaps to say *that a more powerful showing of inadequacy is necessary to sustain a collateral attack* than to warrant an order for new trial either by the District Court or by this court on direct appeal. [Footnotes omitted (emphasis supplied).]