Jimmy JOHNSON, Appellant,

v.

UNITED STATES, Appellee.

Nos. 11468 and 12492.

District of Columbia Court of Appeals.

Argued Feb. 7, 1978.

Decided March 29, 1978.

John E. Kirby, Washington, D. C., for appellant.

Richard C. Otto, Asst. U.S. Atty., Washington, D. C., with whom Earl J. Silbert, U.S. Atty., John A. Terry, Peter E. George and Timothy J. Reardon, Asst. U.S. Attys., Washington, D. C., were on the brief, for appellee.

Before NEBEKER, YEAGLEY and FERREN, Associate Judges.

NEBEKER, Associate Judge:

Appellant was convicted of taking indecent liberties with and enticing a minor. D.C.Code 1973, §§ 22–3501(a), –3501(b). During the pendency of his appeal from those convictions, in which he asserts that he was denied the effective assistance of trial counsel, appellant filed a motion in the trial court for a new trial alleging, again, that the conviction was incurred without the effective assistance of counsel. That motion was denied without a hearing, and an appeal was noted. The two appeals are here consolidated. We reverse the denial of the post-judgment motion and remand the consolidated cases.

In his post-judgment motion, appellant alleged, with proper supporting affidavits, that trial counsel never consulted with him between arraignment on the charges and the day of trial; that trial counsel never discussed with him the possibility of the use of character witnesses in his defense and that such witnesses existed; that trial counsel never advised him that if he took the stand in his defense, as he did, his prior convictions could be used to impeach him; that trial counsel never discussed with him the substance of the testimony that appellant would give in his defense; that trial counsel never had any contact with the physician who examined the victim in this case; and that that physician would have testified, had he appeared at trial, that in his opinion the incidents alleged by the victim could not have occurred.

The government submitted affidavits in opposition to appellant's motion which con-

tradicted appellant's assertions in most if not all respects. The motions judge, who was also the trial judge in this case, entered the following order:

Based upon a consideration of the pleadings and the Court's own recollection of the proceedings in connection with the above-captioned case, the Court finds that the sum total of the defendant's representation was constitutionally adequate. The defendant has not carried the heavy burden of demonstrating ineffective assistance of counsel under [the relevant legal standards].

█ Although the post-judgment motion in this case was styled a motion for a new trial, the parties are agreed that the relevant criteria for the determination upon the necessity of a hearing are contained in D.C. Code 1973, § 23–110. For while the trial court is divested of jurisdiction to grant a new trial motion filed pending appeal, *Smith v. Pollin,* 90 U.S.App.D.C. 178, 194 F.2d 349 (1952), the Superior Court always has jurisdiction to entertain such a motion or a motion for vacation of an illegally imposed sentence. *Id.*; D.C.Code 1973, § 23–110; *Womack v. United States,* 129 U.S.App.D.C. 407, 395 F.2d 630 (1968). If, therefore, an appellant has pending appeal, moved the trial court for a new trial, where the grounds asserted in the motion would be cognizable under D.C.Code 1973, § 23–110, and where the government's remedy upon vacation of the sentence under the statute would be a new trial, then a motion for a new trial should be considered as a motion under the statute. Both conditions are met in this case since a sentence imposed as the result of a conviction incurred without the effective assistance of counsel is illegal and the government's remedy for vacation of the sentence is a new trial.

The policy considerations discussed in *Womack v. United States, supra,* which persuaded that court that a motion to vacate an illegally imposed sentence is not appropriate to be entertained in the trial court pending direct appeal, are not applicable to a case such as this. In *Womack* the motion to vacate alleged a denial of due process

based upon asserted in-trial error, error which in most cases will be sufficiently delineated in the record on direct appeal; in the unusual case that requires remand for amplification of the record, the court noted, remand is always available. Where, however, an appellant alleges that the representation of his trial counsel was ineffective, the record on direct appeal is ordinarily barren of the evidentiary facts which would either confirm or refute that allegation. In the instant case, for example, nothing in the record on direct appeal would illuminate appellant's contentions that trial counsel failed to consult with him about various aspects of the trial or to advise him of the government's right to impeach his testimony by use of his prior convictions. Where such extra-trial facts are alleged, this court is well aided by a determination in the trial court as to whether any of the allegations are grounded in fact, for the ordinary function of appellate courts is to review the application of the law to facts found, not to find those facts in the first instance.

█ We are of the view that the trial judge's order denying appellant's motion without a hearing was, under D.C.Code 1973, § 23–110, improper. That section provides, in part, that a movant is entitled to a hearing upon his motion "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." The order entered by the trial court, however, recited that appellant's representation was not found to be ineffective—based, in part, upon the trial judge's own recollection of the case. That recollection is not part of the record either of the conviction or of the motion and may not be substituted therefor. *See, e. g., Aeby v. United States,* 425 F.2d 717 (5th Cir. 1970). Further, as noted above, appellant's allegations were of facts which, by their nature, could not be ascertained absent a hearing. *See, e. g., Bender v. United States,* 387 F.2d 628 (1st Cir. 1967). Finally, the court's conclusion that appellant had "not carried the heavy burden of demonstrating ineffective assistance of counsel" is inapposite to its denial of the

motion, for appellant's only burden, prior to hearing, is adequately to allege facts[1] which, if demonstrated, would establish ineffective assistance of counsel. Absent a hearing, appellant had no opportunity to demonstrate the truth of his allegations.

We intimate no view as to whether the alleged character testimony or that of the physician, as it may develop at a hearing, would constitute a substantial defense of which appellant was deprived at trial. *Angarano v. United States,* D.C.App., 312 A.2d 295 (1973). Nor do we consider the government's affidavits which, in many respects, contradict appellant's assertions of ineffectiveness. We merely hold that the motions, files and records in this case do not conclusively rebut appellant's assertions of denial of his Sixth Amendment right. Absent such conclusiveness, a hearing is required. D.C.Code 1973, § 23–110; *Machibroda v. United States,* 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); *United States v. Hayman,* 342 U.S. 205, 220, 72 S.Ct. 263, 96 L.Ed. 232 (1952).

Because the trial court denied appellant's motion by application of an erroneous standard, we reverse the order of denial and remand these consolidated cases—the judgment of conviction to abide further proceedings.

*Reversed in part and remanded.*

---

1. *U. S. v. Pinkney,* 177 U.S.App.D.C. 423, 430, 543 F.2d 908, 915 (1976).