**David W. GIBSON, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 12626.

District of Columbia Court of Appeals.

Argued April 27, 1978.

Decided June 30, 1978.

Frederick G. McKenna, law student counsel (LS # 1811) for appellant, with whom Michael E. Geltner, Washington, D. C., supervising attorney appointed by this court, was on the brief, for appellant. Christopher McMurray, law student counsel (LS # 1794) also entered an appearance for appellant.

Charles L. Hall, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, Peter E. George and John W. Polk, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, and KERN and YEAGLEY, Associate Judges.

PER CURIAM:

Appellant entered a plea of guilty to a one count indictment charging him with carrying a pistol without a license.[1] Subsequent to sentencing, appellant filed pro se, pursuant to D.C. Code 1973, § 23–110,[2] a motion to vacate his guilty plea and sentence, alleging that he had been deprived of effective assistance of counsel in derogation of the Sixth Amendment. Specifically, appellant's motion alleged that his court-appointed counsel "failed to *pursue or advise* [him] of his right to pursue proper remedies for asserting his Fourth Amendment rights in connection with his unlawful arrest [and subsequent search which resulted in the seizure of the pistol]" (emphasis added). This appeal is from the trial court's dismissal of

---

1. D.C. Code 1973, § 22–3204.

2. *See also,* Super.Ct.Cr.R. 33.

the motion *without a hearing.* In its order denying the motion, the trial court ruled:

> [that the defendant's plea of guilty was voluntary and that] the proceedings, files and records in this matter conclusively show that the defendant is not entitled to the requested relief.

D.C. Code 1973, § 23–110, which is substantially identical to 28 U.S.C. § 2255,[3] requires that a hearing be held on a motion to vacate a sentence

> [u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief  .   .  . .

■ The narrow issue before us in the instant case is whether the trial court erred when it denied appellant's motion made under § 23–110 without first granting a hearing. In rejecting the motion, the trial court necessarily concluded that appellant failed to allege circumstances under which a hearing was required by the statute. This conclusion was error:

The Supreme Court has indicated that federal courts, in administering the writ of habeas corpus and its 28 U.S.C. § 2255 counterpart, are to permit post-conviction collateral attacks upon a plea of guilty.[4] Moreover, an evidentiary hearing is required on allegations which, if proven, would entitle the prisoner to relief, particularly in a case involving circumstances not adequately reflected in the record. *Blackledge v. Allison,* 431 U.S. 63, 71, 97 S.Ct. 1621, 1628, 52 L.Ed.2d 136 (1977); *Fontaine v. United States,* 411 U.S. 213, 214–15, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973); *Machibroda v. United States,* 368 U.S. 487, 494–95, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962).

The Supreme Court, in reviewing a 28 U.S.C § 2255 motion which requires an evidentiary hearing unless the allegations conclusively show the petitioner is entitled to no relief, has noted that *summary* dismissal is appropriate *only* where the "contentions that in the face of the record are wholly incredible." *Blackledge v. Allison, supra* 97 S.Ct. at 1629–30; *Machibroda v. United States, supra* at 495–96, 82 S.Ct. 510, or where the allegations themselves were so vague or conclusory "as to warrant dismissal for that reason alone." *Blackledge v. Allison, supra* 97 S.Ct. at 1630; *Machibroda v. United States, supra* at 495, 82 S.Ct. 510. These decisions of the Supreme Court establish standards which, in our view, are applicable to D.C. Code 1973, § 23–110, the local counterpart of 28 U.S.C. § 2255 (1970), and are completely compatible with the decisions of this court concerning the D.C. statute. Both lines of precedent constitute

3. This court has recognized that D.C. Code 1973, § 23–110 is virtually identical to 28 U.S.C. § 2255 (1970), which provides:

> A prisoner in custody under sentence of a court  .  .  . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States  .  .  . may move the court which imposed the sentence to vacate, set aside, or correct the sentence.
>
> \*    \*    \*    \*    \*    \*
>
> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall  .  . grant a prompt hearing thereon  .   .  . .

4. The government cites *Edwards v. United States,* 103 U.S.App.D.C. 152, 155, 256 F.2d 707, 710, *cert. denied,* 358 U.S. 847, 79 S.Ct. 74, 3 L.Ed.2d 82 (1958), for the proposition that appellant's guilty plea precludes relief under Section 23–110. However, the Supreme Court, when stating the general rule by which federal collateral attacks on convictions based on guilty pleas rendered with the advice of counsel were to be governed, noted that:

> [a] defendant's plea of guilty based on reasonably competent advice is an intelligent plea not open to attack on the ground that counsel may have misjudged the admissibility [of evidence against the defendant]. Whether a plea of guilty is unintelligent and therefore vulnerable when motivated by  .   . [evidence] erroneously thought admissible  .   .  . depends as an initial matter, not on whether a court would retrospectively consider counsel's advice to be right or wrong, but on *whether that advice was within the range of competence demanded of attorneys in criminal cases.* [*McMann v. Richardson,* 397 U.S. 759, 770–71, 90 S.Ct. 1441, 1448–49, 25 L.Ed.2d 763 (1970) (emphasis added).] Thus a prisoner may collaterally attack his guilty plea by showing that it was motivated by advice received from counsel which fell short of the range of competence demanded of attorneys in criminal cases. *Id.* at 771, 90 S.Ct. 1441; *Tollett v. Henderson,* 411 U.S. 258, 264–68, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

judicial recognition of one salient fact; *viz.,* that the statute *requires* an evidentiary hearing *unless* the allegations of the motion itself are vague and conclusory, are wholly incredible, or, even if true, would merit no relief.

Where the § 23–110 motion not only satisfies this standard (*i.e.,* the allegations, if true,[5] merit relief and are not vague, conclusory, or wholly incredible), but also alleges ineffective assistance of counsel, the necessity for a hearing is increased.[6] This is so because the nature of the appellant's complaint; *viz.,* ineffective assistance of counsel which resulted in his plea of guilty, may necessarily involve matters outside the record.[7] In *Johnson v. United States,* D.C. App., 385 A.2d 742 (1978), this court observed in the context of a Section 23–110 motion, that

> [w]here . . . an appellant alleges that the representation of his trial counsel was ineffective, the record on direct appeal is ordinarily barren of the evidentiary facts which would either confirm or refute that allegation. In the instant case, for example, nothing in the record on direct appeal would illuminate appellant's contentions that trial counsel failed to *consult* with him about the various aspects of the trial . . . .. [*Id.* at 743; emphasis added.]

In *Session v. United States,* D.C.App., 381 A.2d 1, 2 (1977), *quoting Machibroda v. United States,* 368 U.S. 487, 494–95, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962), we further explicated the need for an evidentiary hearing where the § 23–110 motion is based on an ineffectiveness claim:

"The factual allegations . . . [alleging ineffective assistance of counsel] related primarily to purported occurrences . . . upon which the record could 27 . . cast no real light. Nor were the circumstances alleged of a kind that the [trial judge] would completely resolve by drawing upon his own personal knowledge or recollection.

Thus, collateral factfinding procedures are especially appropriate where the ineffectiveness concerns facts *dehors* the original record.

The fact that § 23–110 is virtually the "habeas corpus" type remedy provided for District of Columbia prisoners lends additional support for a hearing in a case such as this. Since the Supreme Court's decision in *Swain v. Pressley,* 430 U.S. 372, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977), it has been clear that D.C. prisoners, save in extraordinary circumstances here not relevant, may *not* pursue habeas claims in the federal system following exhaustion of their § 23–110 remedy, although prisoners in other jurisdictions who have exhausted state habeas procedures may seek federal court review through the procedures outlined in 28 U.S.C. § 2254. Thus because § 23–110 is a remedy of virtually last resort, any question whether a hearing is appropriate should be resolved in the affirmative. We do recognize of course that balanced against the language of the statute and the above-enumerated factors favoring a hearing is the observation that "[if] it appears that the motion does not state a claim, which if

---

**5.** In considering and determining a motion made pursuant to § 23–110, the trial court, and this court on appeal, must presume its allegations are true unless belied by the record. *See Bettis v. United States,* D.C.App., 325 A.2d 190, 196 (1974).

**6.** Of course, where a claim of ineffective assistance of counsel is raised, the facts alleged in a Section 23–110 motion, if true, must be susceptible to characterization as:

> gross incompetence of counsel . . . [which has in effect] blotted out the essence of a substantial defense. [*Bruce v. United States,* 126 U.S.App.D.C. 336, 339–40, 379 F.2d 113, 116–17 (1967); *Johnson v. United*

States, D.C.App., 385 A.2d 742, 744 (1978); *Session v. United States,* 381 A.2d 1, 2 (1977) (Yeagley, J., concurring in the result).]

**7.** Both *Blackledge v. Allison, supra* 97 S.Ct. at 1628, and *Machibroda v. United States, supra* at 494–95, 82 S.Ct. 510, involved a prisoner's post-conviction allegation that he had been induced to enter a guilty plea as part of a plea bargain and that the terms of that bargain had not been fulfilled. In each case, the court noted that an evidentiary hearing was required on the ground, among others, that the allegations related to purported occurrences outside the courtroom which could not be illuminated by the existing record.

established would require the vacation or alteration of the sentences, no hearing" is required. *Session v. United States, supra*; *Atkinson v. United States,* D.C.App., 366 A.2d 450, 452 (1976). Moreover, the trial court is not required to conduct a hearing on a Section 23–110 motion if the "exact nature of . . . [the] asserted ineffectiveness [of counsel] was not explained in the motion." *Hurt v. St. Elizabeths Hospital,* D.C.App., 366 A.2d 780, 781 (1976). Neither general and vague allegations, *id.,* nor conclusory claims "without facial validity," *Bettis v. United States, supra* at 197, will justify a hearing under the statute.

■ We further caution that the fact that a Section 23–110 motion alleges ineffective assistance of counsel based upon factual circumstances outside the record does not *automatically* require a hearing.[8] Section 23–110 should not produce mechanical jurisprudence triggered merely by an artful allegation of facts *dehors* the record on appeal. Regardless of the nature of the allegations, the specifications of the motion (1) must be sufficient to indicate an absence of a fair trial in the real sense of that term, (2) must *not* be couched in conclusory terms with essentially no factual foundation or (3) must *not* be patently frivolous on their face, even if true. *Johnson v. United States, supra* at 743–44; *Session v. United States, supra* at 3–4; *Atkinson v. United States, supra* at 452–53; *Hurt v. St. Elizabeths Hospital, supra* at 781; *Bettis v. United States, supra* at 193.

**8.** In *Bettis v. United States, supra* at 193 n.1, this court recognized that the "standards applicable to a pro se motion are considerably more lax than the standards to be applied where counsel is involved."

**9.** The record also indicates that no pretrial motion to suppress the pistol was filed, nor were any other motions filed by appellant's counsel. On appeal, the prosecution's brief intimates that no plea bargain would have been extended to appellant had a motion to suppress the pistol been filed. The sparse record before us does not disclose whether appellant's counsel elected, as a tactical matter, not to pursue this avenue of defense which, if successful, would have vitiated the government's case.

In the instant case appellant entered a plea of guilty, as a part of a plea bargain arrangement, to the charge of carrying a pistol without a license. The record of these proceedings is completely devoid of the factual circumstances surrounding appellant's arrest and the subsequent search and seizure of the pistol.[9]

Since the "motions, files and records" in the present case fail to effectively rebut appellant's allegations of a deprivation of his Sixth Amendment right to counsel, a hearing under Section 23–110 was required; consequently, we are compelled to reverse the trial court's order denying appellant's motion without a hearing. D.C. Code 1973, § 23–110.[10]

*Reversed.*

**10.** We decline to speculate whether at the hearing appellant will be able to convincingly develop facts which demonstrate that due to the ineffectiveness of counsel he was deprived of a substantial defense at trial. *Johnson v. United States, supra* at 743–44. We note the record contains a cryptic comment made by defense counsel prior to the imposition of sentence:

I don't think it's a case where a crime was about to go down. It's a case where Mr. Gibson for some reason wanted to carry a gun around with him. [T]he police officer saw it. There was no search and seizure.