Clarence PETTAWAY, a/k/a Clarence Richardson, Appellant,

v.

UNITED STATES, Appellee.

No. 12676.

District of Columbia Court of Appeals.

Argued June 8, 1978.

Decided July 27, 1978.

Stephen Duffy, Law Student Counsel (LS # 1788), with whom Michael E. Geltner, Washington, D. C., supervising atty., was on the brief, for appellant.

Peter C. DePaolis, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., and John A. Terry and Bette E. Uhrmacher, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before YEAGLEY, MACK, and FERREN, Associate Judges.

FERREN, Associate Judge:

This case presents one question: whether the trial judge erred in denying, without a hearing, appellant's motion pursuant to D.C.Code 1973, § 23–110, to vacate sentence. Because we find that the motion was vague and conclusory, we affirm the trial court's action.

### I.

Appellant was indicted on July 9, 1975, for assault with intent to kill, D.C.Code 1973, § 22–501, and mayhem and malicious disfigurement, D.C.Code 1973, § 22–506. These charges resulted from an incident in which appellant apparently doused his estranged girlfriend with gasoline, then set

her ablaze. On November 7, 1975, appellant pleaded guilty to assault with intent to kill and to attempted mayhem and malicious disfigurement. He received concurrent sentences of four to twelve years and one year, respectively.

During the course of the proceeding in which he entered the plea pursuant to Super.Ct.Cr.R. 11, appellant acknowledged that he understood the court could impose consecutive, maximum sentences. He also denied receiving any promise or assurance regarding punishment to be imposed by the court. In late June, 1977, however, he filed a pro se motion to vacate his sentence, D.C.Code 1973, § 23–110, alleging a denial of his Sixth Amendment right to effective assistance of counsel "because of promises made by the trial attorney that have not yet been kept, nor have any attempts been made to rectify the promise of 'A SENTENCE OF ABOUT FIVE (5) YEARS,' if a guilty plea was entered, and that after serving 'MAYBE A YEAR OR SO, THE JUDGE WILL REDUCE THAT.'" He further alleged that because of "CONFIDENCE" in his "ATTORNEY'S WORD" he felt "wronged" by his agreement "to the Attorney's offer, believing that he would 'ONLY HAVE TO SERVE ABOUT A YEAR.'" He finally asserted that it was "not likely" that a "fair-minded jury" would have convicted him of the charges.

After the judge denied the motion without a hearing, appellant brought this appeal, maintaining that under the case law his allegations at least entitled him to a hearing.

## II.

Recently, this court has had the opportunity to delineate standards for deciding under what circumstances a prisoner who moves for vacation of his or her sentence under D.C.Code 1973, § 23–110, is entitled to a hearing.[1] See *Gibson v. United States*, D.C.App., 388 A.2d 1214 (1978); *Johnson v. United States*, D.C.App., 385 A.2d 742 (1978); *Session v. United States*, D.C.App., 381 A.2d 1 (1977); *Hurt v. St. Elizabeths Hospital*, D.C.App., 366 A.2d 780 (1976); *Atkinson v. United States*, D.C.App., 366 A.2d 450 (1976). In so doing, we have turned for guidance to federal court interpretations of 28 U.S.C. § 2255 (1970), which has language "substantially identical" to § 23–110. *Gibson, supra*, 388 A.2d at 1215. See *Swain v. Pressley*, 430 U.S. 372, 375, 97 S.Ct. 1224, 1227, 51 L.Ed.2d 411 (1977) ("[T]he [§ 23–110] procedure is comparable to that authorized by 28 U.S.C. § 2255 . . . .").

Section 23–110(c) mandates a hearing "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." See note 1, *supra*. Thus, only when the motion, files, or other records contain data which belie a prisoner's claim, and such contradiction is not susceptible of reasonable explanation, does § 23–110 permit a court to deny a motion summarily. As a rule, therefore, in denying a § 23–110 motion without a hearing, the court should be able to say "that under no circumstances could the petitioner

1. D.C.Code 1973, §§ 23–110(a)–(c) provide:

(a) A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

(b) A motion for such relief may be made at any time.

(c) Unless the motion and files and records of the case conclusively show that the prisoner is

entitled to no relief, the court shall cause notice thereof to be served upon the prosecuting authority, grant a prompt hearing thereon, determine the issues, and make findings of fact and conclusions of law with respect thereto. If the court finds that (1) the judgment was rendered without jurisdiction, (2) the sentence imposed was not authorized by law or is otherwise open to collateral attack, (3) there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner, resentence him, grant a new trial, or correct the sentence, as may appear appropriate.

establish facts warranting relief." *Fontaine v. United States*, 411 U.S. 213, 215, 93 S.Ct. 1461, 1463, 36 L.Ed.2d 169 (1973).

In giving practical effect to this rule under § 23–110 and its federal analogue, 28 U.S.C. § 2255, the courts have developed three categories of claims which do not merit hearings. First, "palpably incredible" (though not merely "improbable") claims can be summarily handled. *Machibroda v. United States*, 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). *See Blackledge v. Allison*, 431 U.S. 63, 76, 97 S.Ct. 1621, 52 L.Ed.2d 736 (1977); *United States v. Simpson*, 141 U.S.App.D.C. 8, 436 F.2d 162 (1970).[2] Second, a motion which fails to state a claim can be denied without a hearing. The assertions of a movant do not "state a claim" when, even if true, they would not entitle him or her to relief under the terms of § 23–110(a). *Gibson, supra*, 388 A.2d at 1216–1217; *Atkinson, supra* at 452. Finally, "vague and conclusory" allegations do not trigger § 23–110's hearing requirement. *See Blackledge, supra* 431 U.S. at 75, 97 S.Ct. 1621; *Machibroda, supra* 368 U.S. at 495, 82 S.Ct. 510; *Session, supra* at 2; *Hurt, supra* at 781; *Bettis v. United States*, D.C.App., 325 A.2d 190, 196 (1974); *Simpson, supra*, 141 U.S.App.D.C. at 10, 436 F.2d at 164. The government contends that the court's summary treatment of the present motion was justifiable under this final criterion. We agree.

### III.

■ A § 23–110 motion will be vulnerable to dismissal as "vague and conclusory" when a prisoner does not present a factual foundation in some detail. Particularly after an appellant has made "[s]olemn declarations in open court" at a plea-taking proceeding, "[t]he subsequent presentation of conclusory allegations unsupported by spe-

cifics is subject to summary dismissal." *Blackledge, supra* 431 U.S. at 74, 97 S.Ct. at 1629.

■ ■ In an apparent effort to overcome the government's claim that his motion is "vague and conclusory," appellant filed a reply brief, attaching two affidavits: (1) his own affidavit stating that when the court inquired as to whether he had received any promise in exchange for his plea, he "did not admit to the promises of my lawyer . . . because [he] had instructed me to answer no promises had been made"; and (2) his appellate counsel's affidavit revealing that upon receiving the transcript of the Rule 11 proceeding and learning that appellant had denied inducement to plead, he called appellant, asked why he did not tell the court of the presently alleged promises, and was informed "that his attorney had directed him to say that no promises had been made."[3]

The government has moved to strike the affidavits. We agree with the government that appellant's failure to present these factual allegations initially to the trial court makes it improper for us to consider them on appeal. *See United States v. Thompson*, 154 U.S.App.D.C. 347, 475 F.2d 931 (1973). The trial court did not consider the contents of the affidavits in making its ruling. They are not a part of the record on appeal. We therefore grant the motion to strike; we do not consider the affidavits in resolving the vagueness issue.

■ ■ Having answered this preliminary question, we consider whether the motion presented to the trial court was "vague and conclusory." We have a duty to be indulgent of pro se pleadings. *Gibson, supra*, 388 A.2d at 1217 n.8; *Bettis, supra* at 193 n.1; *United States v. Hawthorne*, 502 F.2d 1183 (3d Cir. 1974). Nevertheless, even

---

**2.** As a subcategory of "incredibility," those cases which cannot " 'withstand initial checking for verity or, at the least, probability of verity,' " can be dealt with summarily. *Session v. United States, supra* at 2 (*quoting Mitchell v. United States*, 104 U.S.App.D.C. 57, 62, 259 F.2d 787, 792, *cert. denied*, 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86 (1958)).

**3.** Such attorney-imposed silence has been influential in other courts' decisions to discount or disregard Rule 11 denials of inducement to plead. *See Blackledge, supra* 431 U.S. at 72–73, 97 S.Ct. 1621; *Edwards v. Garrison*, 529 F.2d 1374, 1379 (4th Cir. 1975); *Moorhead v. United States*, 456 F.2d 992, 995 (3d Cir. 1972).

though we accord appellant this benefit of the doubt, we are persuaded that his claim of a "promise of a sentence of about five years" and a sentence reduction after "maybe a year or so" does not rise to the level of particularity necessary to require a § 23–110 hearing.

In making our evaluation, we have compared the charges leveled by appellant to those in similar cases where the Supreme Court has held that a hearing was required. See Blackledge, supra 431 U.S. at 75–76, 97 S.Ct. at 1630 (["Allison] proceeded to elaborate upon [his] claim with specific factual allegations. The petition indicated exactly what the terms of the promise were; when, where, and by whom the promise had been made; and the identity of one witness to its communication."); Fontaine, supra 411 U.S. at 214–15, 93 S.Ct. at 1462 (Petitioner, claiming a "combination of fear, coercive police tactics and illness," set out "detailed factual allegations . . . describ[ing] physical abuse and illness from a recent gunshot wound . . . documented by records tendered in support of his petition. . . . [He] further allege[d] that prolonged interrogation continued during the period preceding his plea."); Machibroda, supra 368 U.S. at 489–90, 490 n.1, 496, 82 S.Ct. 510 (Petitioner told of three occasions, specified time, place, and nature of the promises and cautions against telling the judge, and further told of threats by the prosecutor to increase petitioner's "difficulties" if he " 'insisted on making a scene.' " The court characterized these as "specific and detailed factual assertions.").

Appellant's statements are deficient by comparison. Whether considered as an attack on the voluntariness of his plea or, as he expressly claimed, as a challenge to his attorney's effectiveness, they were too vague and conclusory to necessitate a hearing. Although appellant's motion arguably can be interpreted as an actionable claim of false promises or assurances by the government or defense counsel, see Blackledge, supra; Fontaine, supra; Machibroda, supra, his motion is equally susceptible to the interpretation that he had a mistaken, subjective impression based on defense counsel's mere prediction or estimate of the penal consequences of a plea. Some courts have held that such mistaken impressions do not state claims for invalidation of guilty pleas. Simpson, supra; United States ex rel. Curtis v. Zelker, 466 F.2d 1092 (2d Cir. 1972); United States ex rel. Scott v. Mancusi, 429 F.2d 104 (2d Cir. 1970). We do not attempt here to determine what kinds of allegations about promises or assurances are essential to state a claim under § 23–110.[4] We hold, rather, that the motion was too vague even to permit such a determination. More precision is required. The trial court did not err in summarily denying the motion.[5]

## IV.

We want to make clear, finally, that our decision does not bar a new application by appellant to the trial court. See D.C. Code 1973, § 23–110(b), quoted in note 1, supra. Given the vagueness of appellant's motion, the trial court's denial of that motion, without a hearing, is without prejudice because such a "denial without a hearing is not denial on the merits," Oliver v. United States, 398 F.2d 353, 356 n.5 (9th Cir. 1968),

4. The District of Columbia Circuit Court of Appeals has drawn the line, for § 2255 purposes, between "allegation[s] of false advice . . . of an outright arrangement" (which state a claim) and allegations of an attorney's "assurances" of certain treatment "embellished" by a defendant's "presumption" of an agreement with the court or prosecutor (which do not state a claim). Simpson, supra, 141 U.S.App.D.C. at 10, 436 F.2d at 164. As indicated in the text, we do not reach the question whether the line as drawn in Simpson is to be utilized under § 23–110.

5. Claims which survive the vagueness test may not necessarily be ripe for full evidentiary hearings. A motion for summary judgment, in some instances, may be a more appropriate way to proceed initially. See Blackledge, supra 431 U.S. at 80–81, 97 S.Ct. 1621. In addition, procedures for amplifying the record prior to a hearing, such as the design of special discovery techniques, may facilitate disposition, with or without a hearing. See id. at 81–82, 97 S.Ct. 1621; Simpson, supra, 141 U.S.App.D.C. at 12 et seq., 436 F.2d at 166 et seq.

and because, in any event, strict principles of res judicata do not apply in § 23–110 proceedings. *See Raiford v. United States,* 483 F.2d 445 (9th Cir. 1973) (re 28 U.S.C. § 2255); *Oliver v. United States, supra* (same); *Gomez v. United States,* 396 F.2d 323 (9th Cir. 1968) (same). Appellant, therefore, is free, if he is able, to plead more specifically in a new motion his claim of involuntariness or ineffectiveness of counsel. There comes a point, of course, when the § 23–110(e) limitation on successive motions can be applied—an issue we do not address here.[6] *See Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

*Affirmed.*

6. D.C.Code 1973, § 23–110(e), provides as follows:

(e) The court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.