Willie T. SMITH, a/k/a Willie T.
Brown, Appellant,

v.

UNITED STATES, Appellee.

No. 81–1223.

District of Columbia Court of Appeals.

Argued Oct. 21, 1982.

Decided Jan. 17, 1983.

Richard Seligman, Washington, D.C., appointed by the court, for appellant.

Thomas P. Murphy, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., John A. Terry, Asst. U.S. Atty., Washington, D.C., at the time the brief was filed, and John R. Fisher, Asst. U.S. Atty., Washington, D.C., were on brief, for appellee.

Before NEWMAN, Chief Judge, and KELLY and FERREN, Associate Judges.

KELLY, Associate Judge:

On March 21, 1977, appellant was convicted by a jury of armed burglary, D.C.Code 1973, §§ 22–1801, –3202 [recodified as D.C. Code 1981, §§ 22–1801, –3202 respectively], armed robbery, D.C.Code 1973, §§ 22–2901, –3202 [recodified as D.C.Code 1981, §§ 22–2901, –3202 respectively], and assault, D.C. Code 1973, § 22–502 [recodified as D.C.Code 1981, § 22–502]. We affirmed those convictions on direct appeal. *See Smith v. United States,* D.C.App., 389 A.2d 1364 (1978).

In a pro se motion to Arrest Judgment, Prejudicial Errors, Judgment of Acquittal or New Trial,[1] filed June 12, 1981, appellant asserted seven instances of ineffective assistance of counsel which he claims blotted out the essence of ´his defense at trial.[2] Further, appellant contended that the court erred in submitting a tape recording of its instructions to the jury for use in its deliberations.

Appellant's motion was denied without a hearing on the grounds that (1) the claims of ineffective assistance of counsel did not meet the standards of *Angarano v. United States,* D.C.App., 312 A.2d 295 (1973), *reh'g*

---

1. Although styled by appellant as a motion for new trial, we agree "that the relevant criteria for the determination upon the necessity of a hearing are contained in D.C.Code 1973, § 23–110 [recodified as D.C.Code 1981, § 23–110]." *Johnson v. United States,* D.C.App., 385 A.2d 742, 743 (1978).

2. Specifically, appellant asserts counsel's alleged failure (1) to properly proffer his principal defense that a relationship existed between the complaining witness and investigating Officer Roberts in the nature of an illegal partnership; (2) to inquire whether a crime actually occurred; (3) to investigate and proffer evidence of "an air of conflict" before his arrest between his mother and Officer Roberts; (4) to investigate the loss of notes by initial investigating Officer Kittrell; (5) to obtain material evidence to impeach the complaining witness relative to her statements about seeing appellant in her neighborhood over a number of years during which appellant contends he was incarcerated; (6) to properly advise appellant on his right to take the stand in his own behalf; and (7) to provide and call witnesses for the defense.

*denied,* 329 A.2d 453 (1974), and (2) the submission of tape recorded instructions to the jury for use in its deliberations was proper as it had recently been expressly upheld in an unpublished opinion of this court. Appellant appeals the denial of his self-styled § 23–110 motion and prays for a remand to the trial court to hold an evidentiary hearing on his allegations.

## I

Our review of appellant's claim of ineffectiveness of counsel is guided by "one salient fact; *viz.,* that the statute [§ 23–110] *requires* an evidentiary hearing *unless* the allegations of the motion itself are vague and conclusory, are wholly incredible, or even if true, would merit no relief." *Gibson v. United States,* D.C.App., 388 A.2d 1214, 1215–16 (1978).[3] Further, "[w]here the § 23–110 motion not only satisfies this standard . . ., but also alleges ineffective assistance of counsel, the necessity for a hearing is increased. This is so because the nature of appellant's complaint . . . may necessarily involve matters outside the record." *Id.* at 1216 (footnote omitted).

■ Notwithstanding the presumption of validity which we attach to a pro se motion under § 23–110,[4] where a claim of ineffective assistance of counsel is raised, the facts alleged in the § 23–110 motion must still be susceptible to characterization as "gross incompetence . . . which has in effect blotted out the essence of a substantial defense." *Gibson, supra* at 1216 n. 6 (citations omitted). The trial court need not conduct a hearing if the "exact nature of . . . [the] asserted ineffectiveness [of

counsel] was not explained in the motion." *Id.* at 1217 (quoting *Hurt v. Saint Elizabeths Hospital,* D.C.App., 366 A.2d 780, 781 (1976)).

■ In order to warrant reversal of the denial without a hearing on his motion, appellant's allegations (1) must indicate the absence of a fair trial in the real sense of the term, *i.e.,* that the incompetence of counsel blotted out the essence of a substantial defense, (2) must not be couched in vague and conclusory terms with essentially no factual foundation, and (3) must not be patently frivolous, even if true. *See Glass v. United States,* D.C.App., 395 A.2d 796, 810 (1978). None of appellant's allegations satisfy these three criteria.

Several of appellant's contentions are either patently frivolous or were decided on direct appeal. Appellant claims that counsel improperly advised him not to testify at trial because of his potential impeachment by prior convictions. Appellant, however, errs as to the applicable law; counsel did not. Had he taken the stand, the government could have impeached appellant with any or all of his three prior convictions, the latest occurring in 1972. *See* D.C.Code 1973, § 14–305(b)(2)(B) [recodified as D.C. Code 1981, § 14–305(b)(2)(B) ]. Appellant faults counsel for having made no inquiry whether a crime actually occurred and no investigation regarding the loss of notes by Officer Kittrell. But on direct appeal, we noted that "[e]vidence adduced at trial clearly demonstrated that the complaining witness had been the victim of a crime . . .," *Smith v. United States, supra* at 1367 n. 8, and affirmed the trial court's ruling

---

3. Section 23–110 in pertinent part reads:

A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, . . . may move the court to vacate, set aside, or correct the sentence.

\* \* \* \* \* \*

Unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon . . . .

4. We, as well as the trial court, must presume that the allegations of the motion are true unless belied by the record. *Id.* n. 5. *See Bettis v. United States,* D.C.App., 325 A.2d 190, 196 (1974). Our duty to be indulgent of pro se pleadings is firmly established. *Pettaway v. United States,* D.C.App., 390 A.2d 981, 984 (1978) (citing *Gibson, supra* at 1217 n. 8; *Bettis, supra* at 193 n. 1; *United States v. Hawthorne,* 502 F.2d 1183 (3d Cir.1974)).

that the notes of the police officer "were not within the purview of the Jencks Act...." *Id.* at 1365 n. 1.

■ We view as vague and conclusory appellant's contention that counsel failed to call witnesses who appellant had requested to testify in his defense. Appellant does not indicate either the identity of these prospective witnesses nor the anticipated substance of their testimony. *Cf. Session v. United States,* D.C.App., 381 A.2d 1 (1977). Further, the decision to call witnesses is a judgment "left almost exclusively to counsel." *Terrell v. United States,* D.C.App., 294 A.2d 860, 864, *cert. denied,* 410 U.S. 938, 93 S.Ct. 1398, 35 L.Ed.2d 603 (1972). Nothing suggests that we should not defer to counsel's judgment here.

■ Equally vague and conclusory is the asserted failure to pursue the principal theory of appellant's defense; to wit, the complainant's bias for the government due to her desire to curry the favor of Officer Roberts with whom she was engaged in an illegal partnership. Appellant supported this claim with an undated copy of a news article which reported the arrest of Officer Roberts in a sex parlor raid. He does not enunciate, however, the nature of, nor the purpose for, this alleged illegal partnership. He asserts only a collateral, wholly extraneous illegal activity of Officer Roberts, which, without more, adds nothing to the vague and conclusory character of his claim. Moreover, on direct appeal we interpreted the decision of counsel to forego such impeachment as being one of the myriad tactical decisions which counsel make at trial and which we refuse to second guess. *Smith v. United States, supra* at 1370; *see* discussion *infra.*

■ Appellant fails to show that his remaining examples of ineffective assistance, assuming that they do constitute recognizable incompetence, effectively blotted out a substantial defense. *See Angarano v. United States, supra* at 298 n. 5. As to the contention that counsel was ineffective for failing to properly impeach the complaining witness with her bias for the government, we recognized on direct appeal that counsel for appellant had presented to the jury evidence of this potential bias, notwithstanding our holding that the trial court had erred, albeit harmlessly, in curtailing additional cross-examination. We also recognized then, as we do here, that counsel's failure to continue a bias impeachment of the complaining witness probably resulted from "her on-the-spot evaluation of any possible prejudice stemming from the curtailment of her exploratory question concerning bias" and her conclusion that this line of questioning would be fruitless. *Smith v. United States, supra* at 1370. Again, we decline to second guess such tactical decisions. *Harris v. United States,* D.C.App., 441 A.2d 268, 272 (1982); *Oesby v. United States,* D.C.App., 398 A.2d 1, 8 (1979) (counsel need not undertake what appear to be "fruitless tasks").

We similarly view as a tactical decision counsel's failure to proffer to the jury the "air of conflict" between appellant's mother and Detective Roberts as well as her failure to impeach the complaining witness regarding her statements that she knew appellant for a number of years and had seen him on countless occasions in the neighborhood before the night of the incident. Presentation of these subject areas to the jury would have informed them, respectively, that Detective Roberts suspected appellant of illegally selling guns and that appellant had been in the custody of the District of Columbia Department of Corrections—a fact which counsel apparently tried to, and successfully did, keep from the jury. This strategy was consistent with counsel's advice to appellant not to take the stand. It was hardly inept.

In sum, we find that appellant's allegations were either decided on direct appeal or are patently frivolous, vague and conclusory, or even if true, as a matter of law do not constitute a substantial defense. The trial court properly denied appellant's motion without a hearing.

**826**

## II

Appellant's second contention in his motion for a new trial is that the court erred in submitting to the jury for use during its deliberations a tape recording of its instructions. Specifically, appellant asserts that the unsupervised review of such a tape by the jury during deliberations deprived him of his constitutional right to be present at all phases of his trial, including communications between the judge and the jury.[5]

Notwithstanding appellant's present assertion of the magnitude of this alleged error, we note that neither at trial nor on direct appeal did appellant proffer it for judicial consideration. To successfully challenge the alleged error at this late stage, appellant must now show (1) "cause" which excuses his failure to raise this issue below, and (2) "actual prejudice" which results from the error of which he presently complains. *See United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982) (habeas corpus proceeding of a federal prisoner pursuant to 28 U.S.C. § 2255). *Cf. Pettaway v. United States,* D.C.App., 390 A.2d 981, 983 (1978) (quoting *Swain v. Pressley,* 430 U.S. 372, 375, 97 S.Ct. 1224, 1226, 51 L.Ed.2d 411 (1977)). He demonstrates neither.

Appellant's assertion of "cause" due to counsel's alleged ineffectiveness fails in light of our holding, *supra.* Counsel's performance clearly exceeded the "minimal competency" which we must find to affirm the denial of a post-trial claim of ineffective assistance. *Monroe v. United States,* D.C.App., 389 A.2d 811, 817, *cert. denied,* 439 U.S. 1006, 99 S.Ct. 621, 58 L.Ed.2d 683 (1978). Further, although we need not consider whether he has shown "actual prejudice," *see Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 1575 n. 43, 71 L.Ed.2d 783 (1982), we note that the decision to provide the jury with a copy of its instructions is clearly within the discretion of the trial court. *Carrado v. United States,* 93 U.S.App.D.C. 183, 193, 210 F.2d 712, 722–23 (1953), *cert. denied,* 347 U.S. 1020, 74 S.Ct. 876, 98 L.Ed. 1141 (1954); *Copeland v. United States,* 80 U.S.App.D.C. 308, 309, 152 F.2d 769, 770, *cert. denied,* 328 U.S. 841, 66 S.Ct. 1010, 90 L.Ed. 1815 (1945). Appellant was not prejudiced in this case by the trial court's submission of a copy of its instructions to the jury in the form of a tape rather than a transcript.

*Affirmed.*

5. This right is embodied in Super.Ct.Cr.R. 43 which states in pertinent part: "The defendant shall be present . . . at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence . . . ." *See Miller v. United States,* D.C.App., 250 A.2d 573 (1969).