Thompson, Associate Judge, dissenting: As the majority opinion acknowledges, this court reviews a trial court’s decision to deny a D.C. Code § 23-110 motion without a hearing for abuse of discretion. I am unable to join my colleagues in reversing the judgment denying appellant’s motion without a hearing because I cannot conclude in good conscience that, on the record that was before him, Judge Iscoe erroneously exercised his discretion in determining that no hearing was warranted. To briefly recap the facts, in February 2002, a jury convicted appellant of conspiracy to commit murder, second-degree murder while armed, multiple counts of assault with intent to kill while armed, and other offenses, all based on an incident that occurred “[s]ometime after 6:00 p.m.” on September 21, 1998 (the “incident”). On January 8, 2004, before he had been sentenced, appellant filed a motion for a new trial based in part on a claim of ineffective assistance of counsel. The Superior Court judge who had presided over appellant’s trial denied the motion as not yet ripe. Appellant was subsequently sentenced and filed a direct appeal, and this court affirmed his convictions. In July 2009, during the pendency of appellant’s direct appeal, Judge Iscoe, to whom the case had' been transferred, granted leave for appellant to adopt his January 8, 2004, motion and, at appellant’s request, stayed consideration of that motion “pending further investigation and the possible filing of a supplement.” Over six years later, in August 2015, appellant filed a second (almost identical) motion pursuant to D.C. Code § 23-110 for a new trial based on ineffective assistance of counsel and newly discovered evidence, attaching the same 2002 affidavit of David Norwood and unsworn statement (purportedly from Norwood) he had attached to his 2004 motion. In his August 2015 motion, appellant asserted that he had “specifically asked [his] trial counsel” to call Norwood as a witness at trial. Appellant argued that had Norwood been called as a witness, appellant “would have been acquitted.” Appellant further asserted that,, at trial, “the government relied primarily on an eyewitness by the name of Ms[.] Barksdale” who testified that “she observed [appellant] shooting at a vehicle occupied by the decedent and the complainants” and that she “indicated that she was viewing these events from the window of a. home occupied by ... Norwood.” In his affidavit dated May 13, 2002, that accompanied appellant’s motions, Norwood averred the following: On 21 September 1998, I, David Nor-wood, went to work for Stephen Gill,- on Livingston Road in Oxon[] Hill, Maryland. I left home at approximately 7:00 AM and returned to my home at 7:00 PM. There is no way physically possible for Ms. Wendy Barksdale or I to have been at my residence during the hours specified above on 21 September 1998. The undated, unsworn letter, purportedly from Norwood that accompanied appellant’s motions, states: Beginning on 20 September 1998 through the 21st September 1998. The women known as Wendy Barksdale and Sherry (last name unknown) were not at my home of 721 Malcolm X Ave SE, for any time during those two days. Appellant contended in his motion that testimony by Norwood at trial “would have undermined the credibility of Ms[.] Barks-dale to such an extent that the outcome of the trial would have been different.” Appellant further stated in his motion that he notified his trial counsel that Norwood “was a pivotal witness in the case” and that Norwood “could testily that at the time of the shooting, ... Norwood was not at his residence, that the door to his residence was locked, that Ms[.] Barksdale did not have a key to his residence and that Ms[.] Barksdale could not have been present at his residence on the day and at the time of the shooting.” Appellant argued that “trial counsel, having been made aware of ... Norwood as a material witness in th[e] case, [and having] contacted ... Norwood and confirmed the substance of his potential testimony prior to trial,” but having failed to call Norwood to testify, was constitutionally ineffective under the standard established in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In a March 28, 2016, Order, Judge Iscoe denied appellant’s motion without a hearing. Judge Iscoe acknowledged the presumption in favor of holding a hearing on a § 23-110 motion. See Ramsey v. United States, 569 A.2d 142, 147 (D.C. 1990). He found, however, that Norwood’s affidavit is “vague and factually unsupported,” “offers no explanation for how [Norwood] knows that it was impossible for Ms. Barksdale to have been at his house”' during the shooting, was not based on “first-hand knowledge of whether anyone was actually in his house” at the time of the shooting (given that the affidavit states that Norwood “was working in Maryland at the time”) and is “devoid of practically any details which would support his bald assertion that Ms. Barksdale could not possibly have been at his' house,” especially in light of Barks-dale’s “compelling and detailed” trial testimony. Judge Iscoe noted that neither the affidavit nor the unsworn letter “makes any mention of whether [Norwood] locked his house ..., whether there was or was not anyone inside when he left, ... whether Ms. Barksdale did or did not have a key to his house,” or “whether anyone else ... had a key to his house.” Judge Iscoe therefore concluded that no hearing was necessary because even if appellant’s claims (presumably, appellant’s claims about the information provided to his counsel and the first-hand information in Norwood’s affidavit and purported statement) were true, they would warrant no relief. Appellant now asserts that Judge Iscoe abused his discretion in denying his motion without a hearing. In particular, he argues that the trial court “incorrectly determined that the Norwood affidavit was conclusory” for failing to state the basis of Norwood’s claim that it was impossible for Barksdale to have been at his house at the time in question. I do not agree.' .This court -will affirm the trial court’s denial of a § 23-110 motion without a hearing:if the claims ‘“(1) are palpably incredible; (2) are vague and conclusory; or ,(3) even if true, do not entitle the movant to relief,’ ” Bellinger v. United States, 127 A.3d 505, 515 (D.C. 2015) (quoting Newman v. United States, 705 A.2d 246, 261 (D.C. 1997)). “In deciding whether to hold a hearing,, the trial court has every right to expect the motion papers to present not only the evidence on which the movant relies but also his or her explanations of obvious impediments to the credibility of that evidence.’’ Jones v. United States, 918 A.2d 389, 408 (D.C. 2007). While we have sometimes, accepted “further possible explanations in [an appellant’s] brief to us” in lieu of “explanations [provided] to the trial court in affidavits,” id. at 404, I cannot conclude in this case that it was unreasonable for Judge Iscoe to conclude that the evidentiary support for appellant’s motion was too vague to warrant a hearing. As noted above, in 2009, six years before appellant filed his 2015 motion, Judge Iscoe stayed consideration of appellant’s claim of ineffective assistance of trial counsel. He agreed to a stay at the request of appellant’s counsel, who asked that the court do so “pending further investigation and the possible filing of a supplement to the ineffective assistance motion.” As far as I can tell from the record, appellant thereafter failed to supplement his filing with any further evidence supporting Norwood’s allegations, even though he clearly recognized (as reflected in his motion) that he needed to have Norwood provide the factual context that was the basis for his claim to know that Barksdale was not in his house at the time of the shooting (e.g., that he inspected. all rooms, or, at least, ,all sleeping rooms, of the house and locked the house before he went to work, that Barksdale did not have a key, that no one else had a key that might have been used to admit Barks-dale,[1] etc.).[2] Judge Iscoe recognized that appellant claimed in his motion that Norwood could have supplied the missing detail at trial, but, especially after the years that passed and the lengthy stay that ensued at appellant’s request after he first submitted the Norwood affidavit and statement, Judge Iscoe had “every right to expect” that appellant would come forward with evidence that, if credited, could overcome “obvious impediments to the credibility of’ Norwood’s initial vague and conclusory statements. Jones, 918 A.2d at 408. Moreover, by the time Judge Iscoe was asked to rule on appellant’s motion in 2015, the only supporting affidavit, which was executed in 2002, was thirteen years old, a fact that raises additional questions about whether the affiant would be able to remember details and would actually be willing (and available) to testify at a hearing.[3] On this record, I cannot fault Judge Iscoe for con-eluding that the affidavit on which appellant’s motion relied was insufficient to warrant a hearing on the motion. Cf. Metts v. United States, 877 A.2d 113, 122 (D.C. 2005) (“The trial judge, recognizing that an additional credible proffer from one or more of these prospective witnesses might warrant a § 23-110 hearing, granted Mr. Metts a generous amount of time in which to present such evidence [e.g., clarification by one witness about whether she was in a position to see what the defendant was doing, and something other than inadmissible hearsay from another witness]. Inasmuch as Mr. Metts failed to [offer a more credible statement from the witness], he also failed to establish a reasonable probability that a § 23-110 hearing would result in a finding that his -trial counsel was deficient. Accordingly, the trial judge did not abuse her discretion in refusing to conduct a § 23-110 hearing based on the statements of these prospective witnesses.” (internal citation omitted)). Our case law establishes that a hearing on a § 23-110 motion is not required if the “specifications of the motion ... [are] couched in conclusory terms with essentially no factual foundation.” Gibson v. United States, 388 A.2d 1214, 1217 (D.C. 1978). Judge Iscoe reasonably recognized that Norwood’s affidavit was conclusory in just that way. Norwood’s statement that there was “no way physically possible for Ms. Wendy Barksdale ... to have been at [his] residence during the hours specified” was mere opinion testimony unsupported by facts based on what Judge Iscoe called “first-hand knowledge” demonstrating that Norwood had an adequate basis for that opinion. Judge Iscóe reasonably agreed with the government’s argument that Nor-wood’s affidavit was “too vague- to undermine Barksdale’s detailed trial testimony establishing that she was already in his house, asleep [on the top floor of the house], as of 7:00 a.m. on September 21, when [Norwood] left for work.” Further, “while demonstration .of the failure to ... call witnesses can establish ineffective assistance of counsel,” for a hearing to be necessary, “we have required an affidavit or other credible, proffer as to the allegedly exculpatory nature of the prospective witnesses’ testimony.” Jones, 918 A.2d at 403 (internal quotation marks and brackets omitted). As to the few averments of fact Norwood made based on first-hand knowledge (i.e., his statement that he was away at work and not at home during the time period identified in his affidavit), I discern no erroneous exercise of discretion in Judge Iscoe’s reasoning that, even if found' credible after a hearing, those statements would not have exculpated appellant and thereby shown prejudice to him" and an entitlement to relief from his counsel’s failure to call Nor-wood as a witness at trial. In short, Judge Iscoe reasonably concluded that appellant did not make an adequate “proffer as to the allegedly exculpatory nature” of Nor-wood’s testimony to warrant a hearing on his motion. Id. For the foregoing reasons, I respectfully dissent from the judgment reversing the denial of appellant’s § 23-110 motion without a hearing. . The trial record, which established that Norwood’s mother’s house was on the same block as Norwood’s house, woukKseem to make it especially inappropriate to assume , that no one else had a key to. Norwood’s house. . The lack of detail from Norwood is especially striking given other seemingly irrelevant details his affidavit did provide: e.g., that he went to work "for Stephen Gill’’ on "Livingston Road” in "Oxon[] Hill.” . Cf. Lanton v. United States, 779 A.2d 895, 903 (D.C. 2001) (reversing order denying § 23-110 motion without a hearing where, although proffered testimony of neighbors was not set out in conventional sworn affidavits, there was "no reason to doubt their willingness to testify”). Indeed, Judge Iscoe might have reasonably inferred that appellant did not supplement his motion because' he could not supplement it,