**Jontarvis Shanard WILLIAMS,
Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 10–CF–419.**

District of Columbia Court of Appeals.

Submitted Sept. 13, 2011.

Decided Dec. 22, 2011.

Mindy A. Daniels was on the brief, for appellant.

Ronald C. Machen Jr., United States Attorney, and Roy W. McLeese III, Elizabeth Trosman, Lara W. Worm, and Nicholas P. Coleman, Assistant United States Attorneys, were on the brief, for appellee.

Before BLACKBURNE–RIGSBY, Associate Judge, and BELSON, Senior Judge, and REID, Senior Judge.\*

---

\* Judge Reid was an Associate Judge, Retired, at the time of submission. Her status changed to Senior Judge on December 12, 2011.

BELSON, Senior Judge:

Appellant Jontarvis Williams appeals an order of the Superior Court requiring him to register as a gun offender in the District of Columbia. The court entered the order three days after the day on which appellant entered a guilty plea to offenses involving firearms and was sentenced. Appellant argues that because the trial court did not "apprise him at the time of sentencing of his duties as a gun offender" and "order [him] to read a copy of the order to register as a gun offender" pursuant to D.C.Code §§ 7–2508.04(a), (c) (Supp.2010), the registration requirement became discretionary with the court and could be imposed only upon a motion by the government. We disagree and hold that under the plain meaning of the statute, entry of the certification order was mandatory, rather than discretionary. The trial court's failure to certify appellant as a gun offender at the time of sentencing, as it was required to do, did not change the mandatory nature of the requirement.

The facts of this case are not in dispute. Appellant pled guilty on February 19, 2010, to one count of carrying a pistol without a license, one count of possession of an unregistered firearm, and one count of possession of unlawful ammunition. On that same day, Judge Anthony Epstein sentenced appellant to concurrent terms of 180 days of incarceration on each count, execution of which was suspended, one year of unsupervised probation, and a fine of $50. On February 22, 2010, the trial court entered, *sua sponte,* an order requiring appellant to register as a gun offender pursuant to D.C.Code § 7–2508.04(a).[1] Appellant's counsel challenged this order at a status hearing and later by a written memorandum. The trial court rejected appellant's challenge in an order dated March 17, 2010, concluding that his failure to order appellant to register as a gun offender during his sentencing was a mere oversight, and that the statute mandated registration. Due to the fact that the trial court's error foreclosed the possibility of appellant's registering within forty-eight hours of sentencing, as required by the statute, the trial court ordered appellant to register within three months after the entry of its order.[2] Appellant appealed the order rejecting his challenge.

█ The gun registration statute provides that "[u]pon a defendant's conviction for a gun offense, the Superior Court of the District of Columbia ("Court") shall enter an order certifying that the defendant is a gun offender." D.C.Code § 7–2508.04(a). It goes on to provide that the court "shall" advise the defendant of his duties as a gun offender, including registration. *Id.* § 7–2508.04(a). Subsection (d)(1) of the statute covers registration for "persons who have not been required to comply with the requirements of this subchapter as set forth in subsections (a) and (c) of this section, but who nevertheless qualify." *Id.* § 7–2508.04(d)(1). In such a case, the court "may, upon motion of the

---

1. At the time of appellant's conviction and sentencing action, the original language of the statute requiring registration, effective December 10, 2009, controlled the trial court action. Subsequently, five emergency amendments and a permanent amendment to the statute have changed certain aspects of the statute, including clarifying that the statute applies to convictions both before and after the effective date of the statute. *See* D.C. Council Acts 18–464 (July 2, 2010), 18–539 (Oct. 5, 2010), 18–672 (Dec. 28, 2010), 18–0693 (Jan. 18, 2011), 19–45 (Apr. 20, 2011); D.C. Law 18–0377.

2. The government states in its brief that it was informed by the lead detective of the Gun Registry Unit that appellant appeared and registered as a gun offender on May 7, 2010.

government," issue an order certifying the defendant as a gun offender. *Id.* Appellant contends that once the trial court failed in its duty to require him to register as a gun offender at sentencing, and did not properly comply with the notice requirements of the statute, registration became discretionary with the court under D.C.Code § 7–2508.04(d).

■ Appellant asks us to interpret § 7–2508.04(d)(1) as applying to anyone who was not certified as a gun offender at sentencing, even if only as a result of an error by the trial court. The language of the statute does not warrant such an interpretation. Under the plain language of the statute, appellant is a gun offender because he was convicted of a gun offense in the District. D.C.Code § 7–2508.01(2)(A) (Supp.2010). Therefore, upon conviction and sentencing, the trial court "shall" enter an order certifying that he is a gun offender and require him to register within forty-eight hours of sentencing. D.C.Code § 7–2508.02(a)(1)(B), (a)(2); D.C.Code § 7–2508.04(a). "[V]erbs such as 'must' or 'shall' denote mandatory requirements ... unless such construction is inconsistent with the manifest intent of the legislature or repugnant to the context of the statute." *Leonard v. District of Columbia,* 801 A.2d 82, 84–85 (D.C.2002) (internal quotation marks omitted). Thus,

from the plain meaning of subsection (a), we find no reason to conclude that the trial court had discretion with respect to entering an order certifying appellant as a gun offender.

Normally, our analysis of what the statute requires would end here. In this case, however, the trial court failed to certify appellant as a gun offender at sentencing, as required by § 7–2508.04(a).[3] As a result, appellant was unable to timely comply with the registration requirements, and had returned already to Georgia by the time the registration order was entered. *See* Rule 15 at 2; Rule 16 at 3. In this unusual situation, when a trial judge fails to follow the mandatory statutory provision, appellant argues, the trial court's omission can defeat the mandatory requirement of subsection (a), bringing into play the discretion afforded by subsection (d)(1). By its plain language, however, subsection (d)(1) covers only defendants who do not otherwise fall under subsection (a), as appellant does.

While it is not entirely clear which class or classes of persons subsection (d)(1) was meant to cover at the time of appellant's offense, the reasonable interpretation of subsection (d)(1) is that it applied to those convicted of gun offenses in another jurisdiction, who were not ordered by that jurisdiction to register in the District.[4] We

---

**3.** The government argues that because the statute provides that the court must enter the order "[u]pon a defendant's conviction," this does not preclude the court from entering the required order after sentencing. However, registration is required "[w]ithin 48 hours of: ... the time sentence is imposed, if the sentence does not include imprisonment." Section 7–2508.02(a)(1)(B). Further, the length of the registration period begins to run "when he or she is sentenced." *Id.* § 7–2508.03. Therefore, the court must order registration at the time of sentencing.

**4.** *See* D.C.Code §§ 7–2508.01(2)(B), (3)(C); D.C.Code §§ 7–2508.04(d)(1), (f). Subsections (2)(B) and (3)(C) of section 7–2508.01 provided that a person convicted of a gun offense outside of the District, but who resided within the District within the registration period, was a gun offender subject to registration. Section 7–2508.04(f) provided that if another competent jurisdiction issued an order for a gun offender to register in the District, he shall comply with the registration requirements. Since subsections (a) and (c) of section 7–2508.04 concern gun offenders convicted or released by the Superior Court, subsection (d)(1) was intended to cover a con-

do not accept appellant's implicit argument that in adopting subsection (d)(1) the Council intended to create a provision meant to apply when a trial judge fails to follow its legislative command. It is unreasonable to find that the drafters of the legislation intended that defendants like appellant should receive the "windfall," as the government styled it, of a discretionary ruling as to whether appellant should be required to register because of a trial court's error or omission.

Judicial errors or omissions in applying a statute's mandatory sentencing scheme should not be permitted to defeat a statute's obvious purpose. *See* Super. Ct. Crim. R. 35 ("The Court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided...."); *Frye v. United States*, 926 A.2d 1085, 1101–04 (D.C.2005) (trial court's initial sentencing was illegal because it did not include mandatory period of supervised release, and trial court properly corrected it under Rule 35, even though neither party moved to include mandatory period); *Robinson v. United States*, 454 A.2d 810, 813 (D.C. 1982) (when trial judge commits procedural error in sentencing, it can be characterized as sentence imposed in an "illegal manner" under Rule 35(a)). The most appropriate course for the trial judge to follow was to enter an amended sentencing order, which would have restarted the time within which appellant was required to register.[5]

We hold that, pursuant to D.C.Code § 7–2508.04(a), the entry of an order certifying a defendant, convicted in Superior Court, as a gun offender is mandatory, even if the trial judge did not enter it at the defendant's sentencing hearing. Accordingly, the order on appeal herein is hereby affirmed.

*So ordered.*

---

viction in a court of another jurisdiction where that court had not already issued an order to register in the District.

5. As the government has informed the court that appellant has registered as a gun offender, it would be pointless to remand this case to the trial court for the entry of an amended sentencing order.