# District of Columbia
# Court of Appeals



FILED
OCT 06 2022
DISTRICT OF COLUMBIA
COURT OF APPEALS

No. 21-CV-99

IN RE SOLITA HARRINGTON,
                    Appellant.                         CA4-0027-20

On Appeal from the
Superior Court of the District of Columbia

BEFORE: Beckwith, Easterly, and Deahl, Associate Judges.

## JUDGMENT

This case was submitted to the court on the transcript of record and the briefs filed, and without presentation of oral argument. On consideration whereof, and for the reasons set forth in the opinion filed this date, it is now hereby

ORDERED and ADJUDGED that the order of the Superior Court denying the appellant's motion for leave to file is affirmed, request for Rule 28 sanctions is denied, and the panel declines to dismiss the appeal as untimely filed.

For the Court:

*Julio A. Castillo*

JULIO A. CASTILLO
Clerk of the Court

Dated: October 6, 2022.
Opinion by Associate Judge Easterly.

*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters.  Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 21-CV-0099

FILED 10/06/2022
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

IN RE SOLITA HARRINGTON, APPELLANT.

Appeal from the Superior Court
of the District of Columbia
(2020 CA 000027 4)

(Hon. Laura A. Cordero, Trial Judge)

(Submitted December 15, 2021                     Decided October 6, 2022)

Solita Harrington, *pro se.*

*Karl A. Racine*, Attorney General for the District of Columbia, *Loren L. AliKhan*, Solicitor General at the time, *Caroline S. Van Zile*, Principal Deputy Solicitor General at the time, and *Ashwin P. Phatak*, Deputy Solicitor General at the time, filed a Statement in Lieu of Brief in support of appellee Laura A. Cordero.

*Crystal S. Deese* and *James N. Markels* were on the brief for appellee MedStar Washington Hospital Center.[*]

Before BECKWITH, EASTERLY, and DEAHL, *Associate Judges*.

---

[*] Appellee Washington Area Plastic Surgery/Consultation adopted the brief filed by MedStar.

EASTERLY, *Associate Judge*: Pursuant to a January 2019 Superior Court order, pro se litigant Solita Harrington was prohibited from filing any new lawsuit arising out of or related to the facts at issue in an earlier dismissed case (2017 CA 6993 M)—in which she raised claims based on medical procedures she had undergone in 2016 and 2017—without first requesting leave of court and certifying that her claim was made in good faith, was not frivolous, and had not been previously disposed of on the merits. In this appeal, Ms. Harrington challenges the Superior Court's December 2020 denial of her motion for leave to file. Over a year after Ms. Harrington noticed her appeal, appellee MedStar Washington Hospital Center filed a supplemental brief arguing for the first time that her appeal was filed "at least three days late." As discussed below, we decline to dismiss the appeal on timeliness grounds, and instead affirm the Superior Court's ruling as a reasonable exercise of discretion. We also reject MedStar's request to sanction Ms. Harrington, who proceeds in this appeal in forma pauperis, either by ordering her to pay MedStar's attorneys' fees and costs or by enjoining her from filing in forma pauperis in future appeals.

## I.     Facts and Procedural History

Ms. Harrington underwent abdominal surgeries at MedStar Washington Hospital Center in 2016 and 2017.  Following her surgeries, Ms. Harrington claimed she suffered from severe pain and swelling, as well as related medical issues. Alleging that MedStar's doctors performed unauthorized, unnecessary, and unsuccessful procedures on her, she submitted a complaint to MedStar's patient advocate requesting compensation, which she did not receive.

By 2019, Ms. Harrington had litigated three lawsuits related to her surgeries and subsequent events.  The first—a medical malpractice suit against MedStar ("the MedStar case")—was dismissed with prejudice in 2018.[2]   After Ms. Harrington made several failed attempts to reinstate that case, the court directed her to pay almost $9,000 of MedStar's attorneys' fees.  Ms. Harrington sought to appeal that decision but, because she did not file her notice of appeal within 30 days as required

---

[2] Order, *Harrington v. MedStar Wash. Hosp. Ctr.*, No. 2017 CA 006993 M (D.C. Super. Ct. May 21, 2018).

by D.C. App. R. 4(a)(1), this court sua sponte dismissed the appeal as untimely filed.[3]

The second suit ("the WAPSC/Temple case") alleged malpractice against Washington Area Plastic Surgery/Consultation (WAPSC) and Temple Law, both of which Ms. Harrington had attempted to engage to assist with her litigation of the MedStar case. In 2018, the Superior Court orally dismissed her complaint for failure to state a claim, and Temple Law refunded her its consultation fee. The court also denied her motion to reinstate the case in 2019.[4]

Ms. Harrington filed the third suit ("the Jackson & Campbell case") against Jackson & Campbell, P.C., for its role in obtaining the award of attorneys' fees

---

[3] Order, *Harrington v. MedStar Wash. Hosp. Ctr.*, No. 19-CV-0207 (D.C. Apr. 24, 2019). As discussed *infra* in Section II.A, this court subsequently issued an opinion in which we acknowledged that Rule 4 was not a jurisdictional rule and accordingly announced a new approach to sua sponte dismissals for untimely filed appeals.

[4] Order Denying Plaintiff's Motion to Reinstate Case, *Harrington v. Wash. Area Plastic Surgery/Consultation*, No. 2018 CA 004055 M (D.C. Super. Ct. Jan. 8, 2019). Ms. Harrington never formally appealed the court's orders in the WAPSC/Temple case. Her filings in a related appeal, *Harrington v. Jackson & Campbell Law Firm*, No. 19-CV-0090, see *infra*, suggest she intended to appeal the WAPSC/Temple case concurrently, but this court never consolidated the two or addressed the WAPSC/Temple case in affirming the order in the Jackson & Campbell case.

against her in the MedStar case. The court dismissed her complaint for failure to state a claim and enjoined Ms. Harrington from filing any new complaints related to the MedStar case without obtaining leave of court and certifying that the complaint was in good faith, not frivolous, and not previously disposed of on the merits ("the Jackson & Campbell injunction").[5] On appeal, this court granted Jackson & Campbell's motion for summary affirmance.[6]

In January 2020, Ms. Harrington filed a motion with the Superior Court requesting leave to file two new complaints against MedStar and against WAPSC and its employee, Dr. Konrad Dawson. On December 17, 2020, the court denied her motion on the grounds that (1) Ms. Harrington failed to make the certification required by the Jackson & Campbell injunction; (2) Ms. Harrington was barred by law from re-raising her substantive claims, which had already been dismissed with prejudice in prior suits; and (3) the court lacked jurisdiction over any new claims against MedStar and WAPSC because Ms. Harrington failed to serve the 90-day notice on the subject healthcare providers as required by statute.

---

[5] Order, *Harrington v. Jackson & Campbell Law Firm*, No. 2018 CA 007176 M (D.C. Super. Ct. Jan. 8, 2019).

[6] Judgment, *Harrington v. Jackson & Campbell Law Firm*, No. 19-CV-0090 (D.C. Dec. 11, 2019).

## II.   Analysis

## A.   MedStar's Challenge to the Timeliness of Ms. Harrington's Appeal

MedStar challenges the timeliness of Ms. Harrington's notice of appeal under this court's rules. Specifically, D.C. App. R. 4(a)(1) requires that "[t]he notice of appeal in a civil case be filed . . . within 30 days after entry of the judgment or order from which the appeal is taken." The Superior Court issued the order in question on December 17, 2020, and Ms. Harrington filed her notice of appeal on January 21, 2021. MedStar asserts that her filing was "at least 3 days late."

Although D.C. App. R. 4(a)(1) sets out a 30-day timeframe for a party to file their notice of appeal in a civil case, there are some caveats to that general rule. As relevant here, the order denying Ms. Harrington's motion appears to have been "signed . . . outside the presence of the parties and counsel," meaning, for the purpose of calculating the time for filing a notice of appeal, it was not considered entered until five days after the date of the order. *See* D.C. App. R. 4(a)(6). This, combined with the 30 days provided in D.C. App. R. 4(a)(1), would have taken her

to January 21, 2021, or beyond.[7]  Under such calculations her January 21, 2021, notice would have been timely.  But Ms. Harrington does not argue that her notice of appeal was timely under D.C. App. R. 4(a)(6) or otherwise contest MedStar's assertion that January 21 was outside of the period during which she could timely file, meaning this argument could be considered waived.  We are disinclined to hold Ms. Harrington to any waiver of this argument, given her pro se status and the relative obscurity of the timing rules.  *See Smith v. United States*, 454 A.2d 822, 824 n.4 (D.C. 1983) ("Our duty to be indulgent of pro se pleadings is firmly established.").  But even if we did conclude Ms. Harrington had waived reliance on Rule 4(a)(6), we would reject MedStar's timeliness challenge.

As we explained recently in *Deloatch v. Sessoms-Deloatch*, 229 A.3d 486, 490-91 (D.C. 2020), Rule 4 is not a jurisdictional rule but rather a "mandatory claim-

---

[7] D.C. App. R. 26(a)(2) directs that "any period of time . . . less than 11 days" should be counted as business days, not calendar days.  Under a prior version of the rules, this court concluded that the five-day period contemplated in D.C. App. R. 4(a)(6) should be treated separately from the 30 days prescribed in D.C. App. R. 4(a)(1), meaning Rule 26(a)(2) applies and weekends should be excluded from the five-day count.  *Singer v. Singer*, 583 A.2d 689, 690-91 (D.C. 1990).  We note that the rules have since been amended several times and most recently in 2016, which postdates our last engagement with the *Singer* rule, *see Clark v. Bridges*, 75 A.3d 149, 151-53 (D.C. 2013); we take no position here on whether the 2016 amendment alters our treatment of D.C. App. R. 4(a)(6), as this question was not briefed by the parties and also does not determine the outcome in this case.

processing rule." This means that, when "properly invoked by a party, it[s 30-day deadline] must be enforced by the court," but application of the rule is "subject to forfeiture if not properly raised by the appellee." *Id.* (internal quotation marks omitted). We must thus determine whether MedStar "properly invoked" Rule 4.

After Ms. Harrington filed her notice of appeal on January 21, 2021, MedStar did not move to dismiss the appeal. Nor did it raise the issue of timeliness in its appellees' brief. With briefing seemingly completed after Ms. Harrington filed her reply, the court calendared the case and assigned this panel to its disposition in December 2021. Three months after the case was calendared and almost 15 months after Ms. Harrington filed her notice of appeal, MedStar successfully moved to file a supplemental brief in which it invoked the issue of timeliness under Rule 4 for the first time.

Under the circumstances, MedStar did not properly raise the issue of timeliness in its supplemental brief and thus forfeited its right to dismissal of Ms. Harrington's untimely appeal under Rule 4. The purpose of claim-processing rules like Rule 4 is "to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times." *Deloatch*, 229 A.3d at 491 (internal quotation marks omitted). But allowing MedStar to prevail on an

untimeliness argument raised for the first time at this juncture in the appeal would not advance that aim. As we observed in *Deloatch*, a motion to dismiss an appeal on Rule 4 grounds can be raised "as early as the moment a notice of appeal is filed," and our express expectation was that "[a]ppellees concerned with their own resources will . . . act promptly and move to dismiss appeals that are late filed before they enter the fray of the merits." *Id*. at 493. MedStar did not do this. It allowed the case to be fully briefed. It allowed the case to move through this court's calendaring process. It allowed the case to be submitted to the court for decision. Only more than a year later did it raise a concern about the timeliness of Ms. Harrington's notice of appeal. Having waited all this time, MedStar "can hardly complain about a resource strain that [it] visited upon [it]sel[f] through [its] own inaction."[8] *Id.*

Moreover, by this point the court had expended substantial administrative resources and, having done so, our general rule favoring resolution of cases on their merits carries significant weight. *See Garces v. Bradley*, 299 A.2d 142, 144 (D.C.

---

[8] MedStar's explanation that its delay was attributable to a transposition error on its part does not weigh in its favor. In our adversarial system, "we rely on the parties to frame the issues for decision." *Deloatch*, 229 A.3d at 492. Particularly where an appellee is, like MedStar, represented by counsel, we reasonably place the onus on them to double-check the calendar to enforce the filing deadline under Rule 4.

1973) (endorsing the "well settled rule that the law abhors a default, and the corollary of the rule that dispositions on the merits are favored"). This is particularly true where Ms. Harrington's appeal was, at worst, late by only a matter of days. Although we have the power to dismiss untimely appeals sua sponte on timeliness grounds, we recognized in *Deloatch* that "a slight or moderate delay in filing a notice of appeal would not warrant this court's . . . intervention." 229 A.3d at 492. We thus consider Ms. Harrington's challenge to the trial court's order denying her leave to file on the merits.

### B. The Denial of Ms. Harrington's Motion for Leave to File

We are without direct precedent regarding the appropriate standard of review for the somewhat unusual nature of the Superior Court order on appeal, which enforces an existing injunction issued by order in another case and in so doing denies a motion for leave to file a claim in the first place. The parties have not proposed a standard to apply. Construing the court's order as presenting a mixed question of law and fact, we assume without deciding that our review is de novo. *See In re Pub. Def. Serv.*, 831 A.2d 890, 898 (D.C. 2003) ("There is no one standard of review that is uniformly applied to 'mixed questions,' but they normally are reviewed de novo when the legal aspects are dominant." (internal quotation marks and citation

omitted)).  *But see District of Columbia v. Serafin*, 617 A.2d 516, 519 (D.C. 1992) (stating that the dismissal of a complaint for failure to comply with a court order is reviewed for abuse of discretion).

We conclude that the Superior Court correctly denied Ms. Harrington's motion for leave to file.  The Jackson & Campbell injunction stated in full:

> . . . Solita Harrington is her[e]by ENJOINED from filing further causes of action or pleadings that arise out of or are related to the facts at issue in [the MedStar case] without first filing an application for leave of the [c]ourt, *which must certify that her claim is made in good faith, is not frivolous, and has not been previously disposed of on the merits.*

(emphasis added).  By its plain language, the certification requirement was mandatory.  *Cf. Williams v. United States*, 33 A.3d 358, 360 (D.C. 2011) ("Verbs such as 'must' or 'shall' denote mandatory requirements . . . ." (brackets omitted)). Ms. Harrington did not make the requisite certification; she does not dispute this fact or offer any reason why this failure should be excused.  We conclude the lack of the required certification is a sufficient foundation for the court's order denying of her

motion for leave to file.[9]

### C. MedStar's Request for Rule 38 Sanctions

In its brief, MedStar asks this court to conclude that Ms. Harrington's appeal was a "frivolous attempt to harass the [a]ppellees" and to impose sanctions under D.C. App. R. 38. MedStar specifically requests an award of attorneys' fees and costs, as well as "an order . . . denying [Ms. Harrington] the privilege of proceeding *in forma pauperis* in future appeals where she has not obtained leave from the Superior Court to file her claims."

Rule 38 provides that this court "may, on its own motion or on motion of a party, impose appropriate sanctions" on a party who "takes an appeal . . . that is frivolous or interposed for an improper purpose, such as to harass or to cause unnecessary delay." D.C. App. R. 38. The language of the rule indicates that this court imposes sanctions at its discretion. *Cf. In re Langon*, 663 A.2d 1248, 1250 (D.C. 1995) ("Use of the word 'may' . . . ordinarily denotes discretion."). We have

---

[9] Ms. Harrington has never argued, either here or on her now-resolved appeal in the Jackson & Campbell case, that she is not or should not be bound by the terms of the Jackson & Campbell injunction.

previously noted that "there is a paucity of published opinions by this court invoking Rule 38 because such issues are normally resolved via motions."[10] *Slater v. Biehl*, 793 A.2d 1268, 1278 n.12 (D.C. 2002). Reviewing those precedents, we decline to impose the requested sanctions.

We question whether it is the best use of MedStar's counsel's time to seek attorney's fees from a litigant who is before this court in forma pauperis and already has an award of attorneys' fees against her in the Superior Court, which she has indicated she is unable to pay. But the utility of such a request aside, we conclude Ms. Harrington's conduct before this court does not justify an order directing her to pay MedStar's fees and costs. Although we acknowledge that Ms. Harrington's appeal was without legal merit, we are unpersuaded that her conduct has been substantially different from that of the many pro se parties whose appeals we ultimately reject. Indeed, we are unaware of any instance, at least in our published opinions, in which this court has imposed sanctions in the form of costs and fees on a party who is proceeding pro se, let alone in forma pauperis, for filing a frivolous appeal. Notably, our reasoning in support of the imposition of such sanctions on

---

[10] We assume without deciding that MedStar may request sanctions in its brief to this court. *But see* Fed. R. App. P. 38 advisory committee's note to 1994 amendment (stating that only a dedicated motion is sufficient to request sanctions in federal court).

litigants represented by counsel has relied strongly on the professional duties of members of the bar, who are both equipped to know when an appeal is frivolous and obligated to refrain from proceeding in those instances. *See Slater*, 793 A.2d at 1278-79 (imposing sanctions of costs and fees because no "member of the bar acting as an officer of the court should have continued to prosecute [the] appeal"); *Tupling v. Britton*, 411 A.2d 349, 352 (D.C. 1980) ("As professionals and officers of this court, members of the District of Columbia Bar have the obligation to exercise their independent professional judgment to determine whether a civil appeal is frivolous before filing one."). It would be unfair to hold Ms. Harrington to the same standard. *Cf. Smith*, 454 A.2d at 824 n.4.[11]

We also decline MedStar's aggressive request for an injunctive sanction preemptively denying Ms. Harrington the ability to proceed in forma pauperis in future appeals. Such a sanction under Rule 38 is unprecedented in this court and is at odds with "the announced policy of this jurisdiction to allow unfettered access to

---

[11] To the extent that MedStar aims to allege separately that Ms. Harrington's appeal was interposed for the improper purpose of harassment, MedStar identifies no specific evidence substantiating this allegation. Consequently, we decline to impose sanctions for harassment. *See Comford v. United States*, 947 A.2d 1181, 1188 (2008) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

our courts." *See Morowitz v. Marvel*, 423 A.2d 196, 197 (D.C. 1980) ("It is axiomatic that the American system of jurisprudence favors free access to the courts . . . .").[12] Even if we were to conclude that preemptively enjoining a party from enjoying in forma pauperis status was theoretically appropriate in some circumstances, we would see no basis in this case to so enjoin Ms. Harrington in this case—her first appeal of a denial of a motion for leave to file her claims. We cannot say that she has so abused her right of appeal as to merit this extraordinary sanction.

Whether Ms. Harrington has taken actions in Superior Court to warrant sanctions in Superior Court is beside the point. Our concern under Rule 38 is with her actions before *this* court. Although we remain open to reconsidering sanctions should she abuse her right to appeal at a later point, we fully expect that with the benefit of this opinion Ms. Harrington will be better equipped to assess the merits of future potential appeals related to any claims regarding the medical procedures she

---

[12] MedStar cites *In re Anderson*, 511 U.S. 364 (1994) (per curiam), to suggest that this type of sanction is "often used by the U.S. Supreme Court" in circumstances like those presented here. *Anderson* itself indicates that such a sanction is a rarity even in the Supreme Court (noting its imposition on only three prior occasions) and has been used only in the most extreme circumstances. *Id.* at 365 (e.g., where the petitioner filed 22 petitions or motions in recent years and had already thrice been denied in forma pauperis status). In any event, our court is one where almost all appeals are taken as of right, distinguishing its role in the administration of justice from that of the Supreme Court.

underwent in 2016 and 2017.

### III. Conclusion

For these reasons, we decline to dismiss this appeal as untimely, we affirm the trial court's order denying Ms. Harrington's motion for leave to file, and we deny MedStar's request for Rule 38 sanctions.

*So ordered*.